# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and, FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | _____ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official Capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE, GEORGIA; and KEITH WOOD, in his official Capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Lisa Walters, et al. ("Plaintiffs"), by and through counsel of record, bring this complaint for injunctive and declaratory relief against the named Defendants, and allege as follows:

## I. INTRODUCTION

1.      Plaintiff Lisa Walters, a law-abiding member of her community and member

of Plaintiffs SAF and FPC, and similarly situated individuals who are not prohibited from possessing or acquiring firearms under state and federal law, have a fundamental, constitutionally guaranteed right to carry loaded, operable handguns on their person, outside their homes, vehicles, and place of business, in public, for self-defense. But because of Defendants' laws, orders, and enforcement of them, they cannot exercise that right.

## II. JURISDICTION & VENUE

2.   This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of Georgia, of the rights, privileges or immunities secured by the United States Constitution. To the extent Plaintiffs' claims may allege or may be construed to allege state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

3.   Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' causes of action arose or exist in this District in which the action is brought.

## III. PARTIES

4.   Plaintiff Lisa Walters ("Walters") is a natural person, a resident of Cherokee County, Georgia, an adult over the age of 21, a citizen of the United States,

and is legally eligible under federal and state law to possess and acquire firearms. Plaintiff Walters is a member and supporter of Plaintiffs Second Amendment Foundation, Inc. and Firearms Policy Coalition, Inc.

5.  Plaintiff Second Amendment Foundation, Inc. ("SAF") is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. Plaintiff SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control. SAF has over 650,000 members and supporters nationwide, including in Georgia. SAF brings this action on behalf of itself and its members.

6.  Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated under the laws of Delaware with a place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's rights, especially but not limited to First and Second Amendment rights, advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC represents its members and supporters—who include individuals who wish to exercise their right to keep and carry firearms and

ammunition for self-defense outside their homes—and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. FPC has expended and diverted resources, and is adversely and directly harmed, because of Defendants' Orders, and related laws, policies, practices, and customs challenged herein.

7.     Defendant Brian Kemp is the elected Governor of the State of Georgia. In such capacity, Defendant Kemp is the State's chief executive officer. Ga. Const., Art. 5, § 2, ¶ I. As Governor, he is charged with the duty to "take care that the laws are faithfully executed" and he is "the conservator of the peace throughout the state." *Id.* Art. 5, § 2, ¶ II. Defendant Kemp is therefore ultimately responsible for the oversight, direction, and implementation of the enforcement of the laws at issue in this action, including by and through his delegation of such enforcement authority to Defendant Gary Vowell. Defendant Kemp is sued in his official capacity.

8.     Defendant Commissioner Gary Vowell is the Chief Executive of the Department of Public Safety and holds the rank of Colonel in the Georgia State Patrol. Commissioner Vowell is sued in his official capacity. On information and belief, Commissioner Vowell, through a delegation of power and authority from Defendant Kemp, who appointed him, is charged with

4

overseeing, directing, implementing, and otherwise executing through his Department and State Patrol the State's regulatory scheme, laws, and enforcement policies, practices, and customs at issue in this lawsuit, including but not limited to O.C.G.A. § 16-11-126.

9.   Defendant Keith Wood is the Judge of the Cherokee County Probate Court, the head of that court, which, on information and belief, is a department of Defendant Cherokee County, Georgia with delegated executive powers over the State's carry licensing scheme, and Defendant Wood oversees, directs, implements, and is otherwise responsible for the acceptance and processing of carry license applications. Judge Wood is sued in his official capacity.

10.   Defendant Cherokee County, Georgia, is a local governmental entity organized under the Constitution and laws of the State of Georgia, possessing legal personhood within the meaning of 42 U.S.C. § 1983. The County is responsible for executing and administering its laws and orders, and enforcement policies, practices, customs, and actions at issue in this lawsuit, including those related to accepting and processing carry license applications.

### III. <u>STATEMENT OF FACTS</u>

11.   In Georgia, unless specifically exempted, the conduct of carrying a loaded, operable handgun on the person in public—outside the limited boundaries of a person's home, personal vehicle, or place of business—is absolutely

banned. O.C.G.A. § 16-11-126(h)(1) ("No person shall carry a weapon without a valid weapons carry license unless he or she meets one of the exceptions to having such license as provided in subsections (a) through (g) of this Code section."); § 16-11-125.1(5) ("'Weapon' means a knife or handgun.").

12. One exemption to most criminal laws is a "Georgia Weapon License" ("GWL") issued by the probate judge of a person's county of residence.

13. Failure to comply with the State's regulatory scheme generally banning carry is a crime. O.C.G.A. § 16-11-126(h)(2) ("A person commits the offense of carrying a weapon without a license when he or she violates the provisions of paragraph (1) of this subsection.").

14. On information and belief, the State of Georgia and law enforcement officers, under the ultimate direction of Defendant Vowell, and prosecutors within it routinely enforce O.C.G.A. § 16-11-126 against individuals otherwise legally eligible to possess and acquire handguns who carry such weapons in public, outside the limited confines of their homes, cars, or workplaces, without a validly issued GWL.

15. To qualify for a GWL, an applicant must be at least twenty-one years of age, submit an application in person, be fingerprinted, pass a background check, and pay fees. O.C.G.A. § 16-11-129(a)-(d). If the GWL applicant satisfies all

criteria and pays a fee the probate judge must issue a GWL, valid for only the period of five years. § 16-11-129(a)(1).

16.   Importantly, "No weapons carry license shall be issued to" any "person who has been convicted of . . . [c]arrying a weapon without a weapons carry license in violation of Code Section 16-11-126" and "has not been free of all restraint or supervision in connection therewith and free of any other conviction for at least five years immediately preceding the date of the application." O.C.G.A. § 16-11-129(b)(2)(H)(i).

17.   Thus, not only does a person who is convicted of a crime under O.C.G.A. § 16-11-126 face serious criminal penalties, such a conviction will also disqualify them from acquiring a GWL—even if otherwise qualified—and lawfully carrying a handgun in public for at least half of a decade, further denying a person their fundamental right to bear arms.

18.   Although Defendants Wood and Cherokee County have closed their GWL application doors to Plaintiff Walters and other individuals like her, many categories of individuals expressly exempt from the State's criminal laws can freely carry loaded, operable handguns in public under the statutes without submitting any application, asking for permission to exercise their rights, passing a background check, or paying any fees at all, because of their status or former status as government favored categories of individuals.

19.     Under the exemptions, "[Ga.] Code Sections 16-11-126 through 16-11-127.2 shall not apply to or affect" the State-favored categories of persons if such persons are merely "employed in the offices listed [] or when authorized by federal or state law, regulations, or order[.]" O.C.G.A. § 16-11-130(a).

20.     There are <u>sixteen</u> categories of individuals exempt from "Code Sections 16-11-126 through 16-11-127.2," O.C.G.A. § 16-11-130(a), many of which do not require any military or law enforcement experience, or any firearms experience or training, including "[c]lerks of the superior courts," § 16-11-130(a)(15).

21.     The Legislature has provided no findings or declarations to support any legitimate government interest for creating such special exemptions while denying other law-abiding, responsible citizens, like Plaintiff Walters, the ability to lawfully exercise their constitutional right to freely carry a handgun in public.

22.     Except in courthouses, these sixteen exempt categories not only enjoy immunity from prosecution for violations of O.C.G.A. §§ 16-11-126 through 16-11-127.2, but they are able to freely exercise their rights—without being subject to any prior restraint, without need to submit a GWL application or pay any fee, and without having to acquire and carry a GWL.

23.   The State's categories of persons exempt from most crimes relating to the carry of handguns in public, the number of which have grown since their initial enactment, undermine and show the constitutional infirmities in the State's interest in enforcing its general ban against law-abiding people, like Plaintiff Walters, individuals like her, and Plaintiffs SAF and FPC's similarly situated members and supporters.

24.   The State's statutory scheme flips the exercise of rights and the presumption of liberty on their head, banning all people from freely carrying handguns in public at all times on pain of criminal liability, and then providing average citizens incredibly limited exceptions to exercise this right.

25.   The State's laws and enforcement practices challenged in this case are not longstanding.

26.   The State's laws, and enforcement thereof, including the general carry ban under O.C.G.A. §§ 16-11-126 through 16-11-127.2, implemented and overseen by Defendant Kemp, Defendant Vowell, and Defendant Vowell's Department and State Patrol, individually and collectively infringe on the fundamental, individual right of law-abiding to bear arms, guaranteed under the Second and Fourteenth Amendments and one of the privileges or immunities of citizenship.

27.   Even if the State's general ban scheme were to be declared unconstitutional and enjoined, as Plaintiffs seek as to its application against law-abiding individuals like Plaintiff Walters and others like her, the State and law enforcement within it have other statutes available to them under which to arrest and publish specific or dangerous conduct. For example, the State and law enforcement within it could enforce 18 U.S.C. § 922(g) (federal law banning possession by prohibited persons); O.C.G.A. §§ 16-11-30, et seq. (prohibiting specific conduct with firearms); 16-11-120, et seq. (prohibiting possession of "dangerous weapons" unless specifically exempt); 16-11-127(b) (prohibiting, *inter alia*, carry in government buildings); 16-11-127.1 (prohibiting, *inter alia*, carry in school safety zones and at school functions); 16-11-127.2 (prohibiting possession in nuclear power facilities); 16-11-130.2 (prohibiting carry in restricted areas of commercial airports); 16-11-131 (prohibiting possession by prohibited persons); 16-11-134 (prohibiting discharge while under the influence).

28.   On or around March 14, 2020, Defendant Judge Wood of the Cherokee County Probate Court issued a "Notice to the Public" suspending all processing of carry license applications for two months, through May 13, 2020 ("CPO"). *See* https://www.cherokeega.com/Probate-Court. The CPO was purportedly based upon declarations of the Chief Justice of the Georgia

Supreme Court declaring a "statewide judicial emergency" ("JEO"), following the Governor's Declaration of Emergency in response to the COVID-19 public health crisis.[1]

29.   But the JEO merely provides general guidance to the lower courts in stating that "[t]o the extent feasible, courts should remain open to address essential functions, and in particular courts should give priority to matters necessary to protect health, safety, and liberty of individuals," without specifically defining or limiting the term "essential services" so as to create any exception to the statutory requirement that "the judge of the probate court shall not suspend the processing of the application or extend, delay, or avoid any time requirements …" for GWL applications. O.C.G.A. § 16-11-129(d)(4).

30.   Nevertheless, Defendant Judge Wood's CPO claims the processing of carry licenses is a "NON-ESSENTIAL" matter, and declares that such applications "WILL NOT be accepted during the period covered by the judicial

---

[1]  The Chief Justice's declarations are available online at https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf; https://www.gasupreme.us/wp-content/uploads/2020/04/CJ_Melton_Extension_Order_signed_entered.pdf. The Governor's DOE is posted at the following link, where all his Executive Orders are available to the public: https://gov.georgia.gov/executive-action/executive-orders/2020-executive-orders.

emergency," which extends through May 13th. *See* Defendants Wood's and Cherokee County's website at https://www.cherokeega.com/Probate-Court.

31.   Because of the State of Georgia's general ban against the carrying of loaded, operable handguns outside the home or vehicles on pain of criminal sanction under O.C.G.A. § 16-11-126(h)(2), implemented and enforced by Defendants Kemp and Vowell, from the moment the Cherokee County Defendants' CPO order issued, law-abiding citizens not prohibited from possessing firearms and, but for the Cherokee County Defendants' GWL program closure, otherwise entirely eligible to obtain a GWL—like and including Plaintiff Walters and all similarly situated individuals—have been and continue to be denied any chance to lawfully carry such a weapon in public, anywhere outside the limited confines of their homes, cars, and workplaces, for self-defense or for any other lawful purposes.

32.   Plaintiff Walters, and Plaintiffs SAF and FPC's members, and others similarly situated to her, could and would pass a GWL background check if the Defendants made the GWL background check process available to her.

33.   Defendants Wood's and Cherokee County's CPO expressly allows for the continued acceptance and processing of marriage license applications for weddings scheduled to occur during the period covered by the "judicial emergency." On information and belief, Defendants Wood and Cherokee

County are accepting and processing new marriage licenses for those exercising their right to marry.

34.   The Second Amendment to the United States Constitution provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." The Fourteenth Amendment to the United States Constitution provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

35.   The Second Amendment is fully applicable to the States through the Fourteenth Amendment's Due Process and Privileges or Immunities Clauses. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *id.* at 805 (Thomas, J., concurring). The "right to keep and bear arms is a privilege of American citizenship that applies to the States through the Fourteenth Amendment's Privileges or Immunities Clause." *Id.* at 806 (Thomas, J., concurring).

36.   "The very enumeration of the right [to keep and bear arms] takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *District of Columbia v. Heller*, 554 U.S. 570, 634 (2008).

"Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id*. at 634-35.

37.   The "central"—but not the only—holding of the Supreme Court in *Heller* was "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald v. City of Chicago*, 561 U.S. at 780. The Second Amendment also "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

38.   This is particularly true when it comes to handguns, as the *Heller* Court has explicitly recognized the handgun as "the quintessential self-defense weapon" in the United States, and that a complete prohibition on their carry and use is necessarily invalid. *Id.* at 629.

39.   Plaintiff Walters is not prohibited from possessing or acquiring arms, including firearms and ammunition, under state or federal law. Indeed, Plaintiff Walters at one time held a valid carry license issued by Cherokee County, but that license expired and cannot be renewed under Georgia's carry license statutory scheme, meaning she must apply for and obtain a new GWL to carry a loaded, operable handgun in public. Plaintiff Walters meets all the

qualifications to obtain a new carry license for this purpose and would be entitled to one upon submission of the required application and fees.

40.   Plaintiff Walters is concerned about her safety and the safety of her family, particularly in light of the current public health crisis and the associated psychological and economic pressures increasing the potential of societal dangers as people face a scarcity of resources. Thus, she seeks to exercise her right to keep and bear arms—including loaded firearms, ammunition, magazines, and appurtenances—and specifically by being able to carry a loaded, operable handgun for protection in public outside the limited confines of her home, car, or workplace.

41.   To that end, on or about April 9, 2020, Plaintiff Walters, through her husband, Mr. Mark Walters, contacted the department of Defendant Wood by telephone and inquired about the CPO in an effort to obtain the GWL carry license necessary to be exempt from the State's criminal statute generally banning carry in public outside the confines of homes, cars, and workplaces.

42.   Defendants Wood and Cherokee County's representatives informed Mr. Walters that they must and would continue to enforce the CPO of Defendants Cherokee County and Judge Wood, and thus would not accept or process her application for a carry license until further notice.

43.     Plaintiff Walters' husband, Mr. Walters, is also a member and supporter of
        SAF and FPC.

44.     Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated adult members,
        and others similarly situated to them—i.e., adults who are not prohibited from
        possessing and purchasing firearms—desire and must be allowed to carry on
        their person loaded and operable handguns for self-defense and other lawful
        purposes outside their homes, cars, and workplaces, and they would but for
        the reasonable and imminent fear and risk of arrest and criminal prosecution
        under the State of Georgia's laws and enforcement policies, practices, and
        customs imposing criminal sanctions for carrying such an arm in public
        without a GWL.

45.     As Governor, Defendant Kemp holds chief executive authority and
        enforcement power over the enforcement of the State's laws, and Defendant
        Vowell, under a delegation of such power from Defendant Kemp, enforces,
        oversees, directs, and/or implements the same throughout the State in his
        capacity as Commissioner of the Department of Public Safety and Colonel of
        the Georgia State Patrol the State's laws.

46.     The actions and orders of Defendants, who are and have been at all relevant
        times acting under color of state law, are therefore denying Plaintiff Walters
        and all similarly situated members of Plaintiffs SAF and FPC and others any

ability to exercise their right to keep and bear arms through carrying the quintessential self-defense weapon for the quintessential purpose of lawfully protecting themselves in the case of confrontation in public during this time when the effects of the contagion are bringing heightened public dangers.

47. Specifically, Defendants Cherokee County and Judge Wood have cut off the one available channel for them to lawfully exercise this right, leaving them subject to sanctions under the criminal statutory scheme of O.C.G.A. § 16-11-126(h)(2), enforced with the oversight, direction, and/or implementation of Defendant Vowell, under a delegation of such power and authority from Defendant Kemp, for any exercise or attempted exercise of that right.

48. Further, as applied to Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated members, and others similarly situated to them—i.e., adults who are not prohibited from possessing and purchasing firearms, but who are barred from obtaining the license necessary to carry loaded, operable handguns in public for self-defense purposes— O.C.G.A. § 16-11-126 and its enforcement thereof by Defendants Kemp and Vowell and those who work under and in concern with them, are unconstitutional and violate the right to bear arms for self-defense and the privileges or immunities of citizenship. Thus, Plaintiffs pray this Court for the requested relief.

## COUNT 1 – DEPRIVATION OF CIVIL RIGHTS
## VIOLATIONS OF THE RIGHT TO KEEP AND BEAR ARMS

## 42 U.S.C. § 1983

49.   Plaintiffs incorporate herein by reference the foregoing paragraphs as if fully set forth herein.

50.   There is an actual and present controversy between the parties.

51.   The Second and Fourteenth Amendments to the United States Constitution guarantee adult citizens of states their fundamental right to keep and bear arms, including in public.

52.   The right to keep and bear arms includes, but is not limited to, the right of individuals to acquire and carry loaded, operable handguns on their person in public, outside the limited confines of their homes, personal vehicles, and workplaces, for self-defense and other lawful purposes.

53.   42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

54.   By effectively and completely preventing Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated members, and similarly situated individuals who are not prohibited from acquiring and possessing firearms under federal and state laws from carrying a loaded, operable handgun on their person outside their homes, personal vehicles, and workplaces in any manner under O.C.G.A. § 16-11-126, and Defendant Kemp and Defendant Vowell's enforcement policies, practices, and customs are a prior restraint upon and

violate the fundamental, individual right to keep and bear arms of all persons not prohibited from acquiring and possessing firearms under federal and state laws, and thus have violated and continue to violate 42 U.S.C. § 1983, compelling the relief Plaintiffs seek.

55.    By and through Defendants' Wood and Cherokee County's CPO and all related orders and enforcement practices, policies, and customs of not accepting and processing GWL applications and issuing GWL licenses in accordance with the statutes, Defendants Wood and Cherokee County have violated and are continuing to violate 42 U.S.C. § 1983, compelling the relief Plaintiffs seek.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully demand the following relief:

56.    A declaratory judgment that Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated members, and similarly situated individuals who are not prohibited from acquiring and possessing firearms under federal and state laws, have a fundamental right to bear arms, including loaded, operable, handguns, on their person for self-defense in case of confrontation and other lawful purposes in public, and outside their homes, personal vehicles, and workplaces, guaranteed under the Second and Fourteenth Amendments to the United States Constitution;

57.   A declaratory judgment that O.C.G.A. § 16-11-126 and enforcement of it are a prior restraint upon and violate the rights of Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated members, and similarly situated individuals, who are not prohibited from acquiring and possessing firearms under federal and state laws, to keep and bear arms, including loaded, operable, handguns, on their person for self-defense in case of confrontation and other lawful purposes in public and outside their homes, personal vehicles, and workplaces, guaranteed under the Second and Fourteenth Amendments to the United States Constitution;

58.   A declaratory judgment that Defendants' Wood and Cherokee County's Order and related enforcement polices, practices, and customs violate the rights of Plaintiff Walters and similarly situated individuals in Cherokee County, who are not prohibited from acquiring and possessing firearms under federal and state laws, to keep and bear arms, including loaded, operable, handguns, on their person for self-defense in case of confrontation and other lawful purposes in public and outside their homes, personal vehicles, and workplaces guaranteed under the Second and Fourteenth Amendments to the United States Constitution;

59.   A preliminary and permanent injunction prohibiting Defendant Kemp, and each of his respective employees, officers, agents, representatives, and those

acting in concert or participation with any of them, from enforcing O.C.G.A. § 16-11-126 against Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated members, and all similarly situated members of the public who are not prohibited from acquiring and possessing firearms under federal and state laws;

60.  A preliminary and permanent injunction prohibiting Defendant Vowell, and each of his respective employees, officers, agents, representatives, and those acting in concert or participation with any of them, from enforcing O.C.G.A. § 16-11-126 against Plaintiff Walters, Plaintiffs SAF and FPC's similarly situated members, and all similarly situated members of the public who are not prohibited from acquiring and possessing firearms under federal and state laws;

61.  A preliminary and permanent injunction prohibiting Defendants Wood and Cherokee County, and each of their respective employees, officers, agents, representatives, and those acting in concert or participation with them, from refusing to accept and process GWL applications and issue licenses to applicants who are not prohibited from acquiring and possessing firearms under federal and state laws, and eligible to be issued a GWL, or, in the alternative, an injunction requiring Defendants Wood and Cherokee County, and each of their respective employees, officers, agents, representatives, and

those acting in concert or participation with them, to accept and process GWL applications and issue licenses to applicants who are not prohibited from acquiring and possessing firearms under federal and state laws, and eligible to be issued a GWL;

62.     Nominal damages against Defendants Wood and Cherokee County;

63.     Attorney's fees, expert fees, and costs pursuant to 42 U.S.C. § 1988, O.C.G.A. § 16-11-129(j), and any other applicable law; and,

64.     Any and all other and further legal and equitable relief, including injunctive relief, against Defendants as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

                                                   /s/ John R. Monroe
                                               John R. Monroe
                                             John Monroe Law, P.C.
  156 Robert Jones Road
  Dawsonville, GA  30534
  678-362-7650
  jrm@johnmonroelaw.com
  State Bar No. 516193

  /s/ Raymond M. DiGuiseppe
  Raymond M. DiGuiseppe
  law.rmd@gmail.com
  The DiGuiseppe Law Firm, P.C.
  4320 Southport-Supply Road, Suite 300
  Southport, North Carolina 28461
  Phone: 910-713-8804
  Fax: 910-672-7705
  *App. for Pro Hac Vice Forthcoming*

_____/s/ Adam Kraut_____
Adam Kraut, Esq.
Firearms Policy Coalition
Attorney for Plaintiffs
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342
akraut@fpclaw.org
*App. for Pro Hac Vice Forthcoming*

Attorneys for Plaintiffs