**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA WALTERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| BRIAN KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BRANDON COMBS**

I, Brandon Combs, declare as follows:

1.    I am the President of Firearms Policy Coalition, Inc. ("FPC"), a named

plaintiff in the above matter. I have personal knowledge of the facts stated

herein, and if called as a witness, I could competently testify to these facts.

2.    FPC is a non-profit organization incorporated under the laws of Delaware,

with a place of business in Sacramento, California.

3.    FPC's mission is to defend and promote the People's rights—especially the

fundamental, individual Second Amendment right to keep and bear arms—

advance individual liberty, and restore freedom.

4.    FPC's chartered purposes are: (A) To protect and defend the Constitution of

the United States and the People's rights, privileges and immunities deeply

rooted in this Nation's history and tradition, especially the inalienable,

fundamental, and individual right to keep and bear arms; (B) To protect, defend, and advance the means and methods by which the People of the United States may exercise those rights, including, but not limited to, the acquisition, collection, transportation, exhibition, carry, care, use, and disposition of arms for all lawful purposes, including, but not limited to, self-defense, hunting, and service in the appropriate militia for the common defense of the Republic and the individual liberty of its citizens; (C) To foster and promote the shooting sports and all lawful uses of arms; and, (D) To foster and promote awareness of, and public engagement in, all of the above.

5.     FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

6.     FPC has members, including the individually named Plaintiff, Lisa Walters, as well as her husband, Mark Walters, and others, as well as supporters who have all the indicia of membership, in Cherokee County, Georgia, and other places in the State.

7.     FPC represents its members and supporters—who include gun owners, individuals who wish to acquire Georgia Weapons Licenses, licensed firearm retailers, shooting ranges, trainers and educators, and others—and brings this

action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public.

8.  As detailed in the Complaint, Plaintiff Walters, and other similarly situated individuals, would exercise the fundamental human right to keep and bear arms for self-defense and lawful purposes, in public and outside the home, with loaded, operable handguns carried on or about their person but for fear of liability, arrest, and prosecution under Defendants' laws, orders, and enforcement policies, practices, customs, and actions.

9.  Handguns are the quintessential firearm for self-defense, and the right to keep and bear arms for self-defense and other lawful purposes is at the very core of the Second Amendment.

10. In Georgia, most law-abiding individuals are completely forbidden from carrying loaded, operable handguns outside of their personal residence or vehicle unless they acquire a Georgia Weapons License ("GWL").

11. There are sixteen categories of individuals exempt from "Code Sections 16-11-126 through 16-11-127.2" in Ga. Code § 16-11-130(a), including "[c]lerks of the superior courts," § 16-11-130(a)(15). The Legislature has provided no findings or declarations to support their necessity or connection to any governmental interest.

12. Except as to carry in courthouses, these sixteen exempt categories not only

enjoy immunity from prosecution for violations of Ga. Code §§ 16-11-126 through 16-11-127.2, but they are able to freely exercise their rights—without being subject to any prior restraint, without need to submit a GWL application or pay any fee, and without having to acquire and carry a GWL.

13.   The State's statutory scheme flips the exercise of rights and the presumption of liberty on their head, banning all people from carrying handguns in public at all times on pain of criminal liability, and then providing average citizens incredibly limited exceptions.

14.   The State's laws at issue here are not longstanding regulations and have no historical pedigree. In fact, our Nation's history and traditions show that the average law-abiding individual, like Plaintiff Walters and others like her, were presumed to have the right and legal ability to bear arms in public for self-defense and lawful purposes, and could do so without any prior restraint, pre-approval, or license requirement.

15.   The State's laws, and enforcement thereof, individually and collectively infringe on the fundamental, individual right to keep and bear arms, guaranteed under the Second and Fourteenth Amendments and one of the privileges or immunities of citizenship.

16.   By issuing and enforcing an order refusing to accept and process GWL applications, and issue a GWL to eligible individuals like and including

Plaintiff Walters, Defendants Wood and Cherokee County have eliminated every avenue for law-abiding Cherokee County residents to avoid liability under the State's ban and lawfully carry a loaded operable handgun in public outside of their home or vehicle.

17.    By closing off the only legal means to carry a handgun outside of their homes or vehicles, Defendants have instituted, have enforced, and are continuing to enforce a categorical ban on the carry of handguns in public outside the home. Such a ban runs contrary to the fundamental and enumerated rights guaranteed by the Constitution.

18.    In addition to violating constitutionally protected rights, Defendants are placing the safety and security of law-abiding residents at risk. During this time of instability, scarcity of resources and limited availability of law enforcement presence, it is particularly important for citizens to have the means to protect themselves and their families.

19.    If the Defendants' laws and enforcement policies, practices, and customs are not enjoined, additional harm will result in the form of ongoing inability of law-abiding citizens to exercise their right to keep and bear loaded, operable handguns to protect themselves and their families in case of confrontation in public outside the home.

20.    FPC has and continues to expend and divert resources, and has been and

continues to be adversely and directly harmed, because of Defendants' laws and orders, and their enforcement policies, orders, practices, customs, and actions challenged herein.

21.    Accordingly, and for the reasons set forth in Plaintiffs' Complaint and Application and Motion, I respectfully ask this Court to grant the Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction.


I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2020.


_____
Brandon Combs