# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, et al., | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| v. | ) | _____ |
| BRIAN KEMP, et al., | ) | |
| Defendants. | ) | |

## DECLARATION OF LISA WALTERS

I, Lisa Walters, declare as follows:

1. I am an adult resident of the Cherokee County, Georgia, and am a named plaintiff in the above matter. I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify to these facts.

2. This declaration is executed in support of Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction.

3. I am a member of Plaintiff Second Amendment Foundation.

4. I am also a member of Plaintiff Firearms Policy Coalition.

5. I am over the age of 21, not prohibited from possessing firearms or ammunition under federal and state law, and have and continue to meet all statutory qualifications for a Georgia Weapons License ("GWL") carry

license.

6. I once held a valid GWL issued by Cherokee County, but that license has expired and is ineligible for renewal.

7. In light of the developing situation involving COVID-19 and the possibility of increased crime and being attacked in public, I have grown seriously concerned about my ability to protect myself.

8. In Georgia, most law-abiding individuals like and including me are completely forbidden from carrying loaded, operable handguns outside of their personal residence or vehicle unless they acquire a GWL.

9. Unlike even "[c]lerks of the superior courts," § 16-11-130(a)(15), I am not exempt from "Code Sections 16-11-126 through 16-11-127.2" under Ga. Code § 16-11-130(a).

10. And unlike the sixteen exempt categories of persons who do not need a GWL to carry outside their homes, I do not enjoy immunity from prosecution for violations of Ga. Code §§ 16-11-126 through 16-11-127.2, and cannot freely exercise my right without being subject to any prior restraint, without need to submit a GWL application or pay any fee, and without having to acquire and carry a GWL.

11. Especially given the sixteen exemptions, the State's statutory scheme flips the exercise of rights and the presumption of liberty on their head.

12. On or about April 9, 2020, on my behalf, my husband Mark Walters, contacted Defendants Wood's and Cherokee County's Probate Court department by telephone in an effort to help me obtain a GWL carry license.

13. During the call, representatives of Defendants Wood and Cherokee County told my husband that they must and would continue to enforce the Cherokee County Defendants' Order, and thus would not accept or process my application for a GWL until further notice.

14. I am legally eligible to apply for and receive a GWL but am being denied a GWL by Defendants Wood and Cherokee County.

15. By issuing and enforcing an Order refusing to accept and process GWL applications, and issue a GWL to eligible individuals like and including me, Defendants Wood and Cherokee County have eliminated every avenue for law-abiding Cherokee County residents, like and including me, to avoid liability under the State's criminal statutes and lawfully carry a loaded operable handgun in public.

16. It is necessary for me to leave my home and vehicle for essential purposes, including but not limited to purchasing groceries, toiletries, home necessities, and gasoline.

17. Because I am not one of the exempt categories of persons under State law, if I were to carry a loaded handgun in public without a GWL, I risk and would

be subject to arrest and prosecution.

18. The State's laws and enforcement thereof individually and collectively infringe on my fundamental, individual right to keep and bear arms, guaranteed under the Second and Fourteenth Amendments and one of the privileges or immunities of my state citizenship.

19. By closing off all legal means for me to carry a handgun outside of their homes or vehicles, Defendants have instituted, have enforced, and are continuing to enforce a categorical ban against me, preventing me from carrying a loaded handgun in public for self-defense and exercising my rights.

20. Especially because governments have no legal duty to protect me, in addition to violating my constitutionally guaranteed rights, Defendants are placing at risk the safety and security of me and other law-abiding residents. During this time of instability, scarcity of resources and limited availability of law enforcement presence, it is particularly important for me and other citizens to have the means to protect ourselves and our families.

21. If the Defendants' laws and orders, and enforcement policies, practices, and customs, are not enjoined, additional harm will result in the form of my ongoing inability to exercise my right to keep and bear loaded, operable handguns to protect myself and my family in case of confrontation in public outside the home.

22. I would exercise the constitutionally enumerated, fundamental human right to keep and bear arms for self-defense and lawful purposes, in public and outside the home, with loaded, operable handguns carried on or about my person, and would, but for Defendants' laws, orders, and enforcement policies, practices, customs, and actions, and reasonable fear of liability, arrest, and prosecution.

23. Accordingly, and for the reasons set forth in Plaintiffs' Complaint and Application and Motion, I respectfully ask this Court to grant the Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2020.

_Lisa Walters_
Lisa Walters