

# Council of Probate Court Judges of Georgia

Judge T. J. Hudson
*President (Treutlen)*

Judge Kelli Wolk
*President Elect (Cobb)*

Judge Kerri Carter
*First Vice President (Dade)*

Judge Darin McCoy
*Secretary-Treasurer (Evans)*

Judge Sarah Harris
*Immediate Past President (Bibb)*

## MEMORANDUM

TO:        Probate Judges

FROM:    Executive Committee
Council of Probate Court Judges

DATE:    March 17, 2020

---

Below you will find clear direction and additional clarification, as provided by Chief Justice Harold D. Melton of the Supreme Court of Georgia regarding his Order Declaring Statewide Judicial Emergency, effective March 14, 2020. In addition, you will find further direction and clarification from the Council as it relates specifically to weapons carry licenses:

### Direction and Clarification from Chief Justice Melton re: Statewide Judicial Emergency

- The Order and Declaration of Judicial Emergency from Justice Melton **applies to every court**. It supersedes all previous and lower courts' orders.
- Georgia law and the Constitution **REQUIRES** that the courts stay open during these circumstances. If your courthouse has been closed, please address this with the chief superior court judge in your circuit. If you have any issues regarding this, they should be reported to Chief Justice Melton. The Executive Committee is also here to lend assistance if you need it, please reach out to Judge Hudson, Judge Wolk or Kevin.
- Consistency for each class of court is **STRONGLY** encouraged.
- Consistency within a circuit is **ESSENTIAL**, particularly in courts that handle traffic matters.
- **DO NOT** restrict access to hearings. You may discourage non-essential persons from attending, but you cannot prohibit them.
- If hearings are conducted by teleconference or video conference, those calls should be conducted in the courtroom.

- The Declaration **DOES NOT** change the law. If you are required to have a hearing (e.g., guardianships, amended birth certificates), you **cannot** just sign an Order based only on agreement. You must still follow the law. If the Code says you **SHALL** do something, you still must do it.
- Extensions of time for pending matters do not need a written request. The Declaration tolls deadlines.
- Case count deadline is extended to April 15th.
- Deadlines are extended by the length of the emergency period. Not everyone will need to come in on the day after the emergency period.

### Direction and Clarification from the Executive Committee re: Weapons Carry Licenses

- It is the Council's position that weapons carry licenses **are not** an "essential" function of the court.
- The Council has been in contact with Georgia Bureau of Investigation and the Georgia Sheriffs' Association to make sure law enforcement is aware of the renewal extension and have urged them to suspend enforcement of concealed carry violations with a license that expired during the emergency period. We encourage you to communicate this to your local law enforcement agencies as well.
- Renewals – The Declaration extends the deadlines for renewals, therefore a temporary license is **not necessary**.
- *Sua Sponte* issuance of Temporary Licenses is **not supported** by the law. A license can be issued *when someone applies for a license*. If a person is **not** applying for a license, we are not authorized by law to issue a temporary license. Issuing a temporary license by mail would be a substantive change in the law.
- In addition, we have attached a suggested notice regarding the extended term of the license.

Cc:     Chief Justice Harold D. Melton – Supreme Court of Georgia
        Presiding Justice David Nahmias – Supreme Court of Georgia
        Mr. Chuck Boring – Judicial Qualifications Commission
        Mrs. Cynthia H. Clanton – Judicial Council/Administrative Office of the Courts