# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01624-SCJ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE; and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF JUDGE KEITH WOOD'S MOTION TO DISMISS

Comes now, Keith Wood, Judge of the Probate Court of Cherokee County (hereinafter "Judge Wood"), and files this, his Brief in Support of his Motion to Dismiss showing the Court as follows:

1

# I. <u>STATEMENT OF THE CASE</u>

O.C.G.A. §16-11-129(a)(1) authorizes the judge of the probate court of each county to issue a weapons carry license or renewal license (hereinafter a "GWL") upon proper application by qualified individuals. Doc. 1, ¶15. On or about March 14, 2020, Defendant Keith Wood, Judge of the Probate Court of Cherokee County, Georgia suspended the processing of licenses for GWLs during the COVID-19 health crisis. Doc. 1, ¶28.

On April 16, 2020, Plaintiffs filed their Complaint against Judge Wood and other Defendants, including Cherokee County, Georgia, alleging, among other claims, that the failure to accept, process and approve applications for a GWL during the pending COVID-19 health crises violates Plaintiffs' rights under the Second Amendment to the United States Constitution. (See, Doc.1).

As against Judge Wood, Plaintiffs seek the following remedies:

1. A declaration that the Judge's Order and "related enforcement policies, practices and customs" violate Plaintiff's Second and Fourteenth Amendment rights to keep and bear arms, including the right to keep and bear "loaded, operable, handguns, on their person…." (Doc. 1, ¶58);

2. Injunctive relief to prohibit Judge Wood from refusing to accept and process GWL applications and to issue GWLs to qualified persons (or, alternatively, injunctive relief requiring Cherokee County to accept and process GWL applications and to issue GWLs to qualified persons) (Doc. 1, ¶61);

3. An award of "nominal damages" (Doc. 1, ¶62); and

4. Attorney fees.

As demonstrated below, Plaintiffs cannot recover as to any of those claims against Cherokee County.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. MOTION TO DISMISS – STANDARD OF REVIEW

#### 1. Subject Matter Jurisdiction

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007). If the challenge is facial, the court must consider the allegations of the complaint to be true for the purposes of ruling on the motion—similar to the standard for evaluating a motion to dismiss under Rule 12(b)(6). Id. The court must also view the allegations in the light most favorable to

the non-moving party. See Kinnett v. Strayer Educ., Inc., 501 F. App'x 890, 892 (11th Cir. 2012) ("At the motion to dismiss stage, [the court] accept[s] all well-pleaded facts as true, and construe[s] the reasonable inferences therefrom in the light most favorable to the plaintiff.") (citing Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)).

### 2. Failure to State a Claim

In evaluating a motion to dismiss under Rule 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Tryalor v. P'ship Title Co., LLC 491 F. App'x 988, 989 (11th Cir. 2012) "[A] plaintiff's obligation to provide the grounds of his entitlement to relief[, however,] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal punctuation omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement.") (quoting Twombly, 550 U.S. at 557); Dusek v. JPMorgan Chase & Co., 832 F. 3d 1243, 1246 (11th Cir. 2016) ("In deciding a Rule 12(b)(6) motion to dismiss,... legal conclusions without adequate factual

support are entitled to no assumption of truth.") (internal punctuation and citations omitted).

**B. PLAINTIFFS LACK STANDING TO PURSUE THEIR CLAIMS AGAINST JUDGE WOOD.**

It is well-recognized that standing is a threshold question in every federal case, determining the power of the court to entertain the suit. CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006). It is equally well-recognized that a plaintiff has **standing** to sue only if: (1) he has suffered an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) a causal connection exists between the injury and the defendants' conduct; and (3) it is likely - not merely speculative - that a favorable judicial decision will redress the plaintiff's injury. Lujan v. Defenders of Wildlife, 504 US 555, 560-61 (1992). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Flat Creek Transportation, LLC v. Fed. Motor Carrier Safety Admin., 923 F.3d 1295, 1300 (11th Cir. 2019).

Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of her claim, no matter how weighty or interesting. See Lewis v. Governor of Alabama, 944 F.3d

1287, 1296 (11th Cir. 2019). Plaintiffs cannot establish standing to bring this action against Judge Wood.

### 1. <u>Plaintiffs Have Not Suffered An Injury In Fact That Is "Concrete And Particularized" And "Actual Or Imminent"</u>

In order to establish standing, a plaintiff must establish that he has suffered an injury-in-fact. An injury in fact must be concrete. <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540 (2016). "A 'concrete' injury … must actually exist" and must be "real" and not "abstract". <u>Id.</u>

Thus, in order to establish standing for their claim for constitutional violations, Plaintiffs must establish a "concrete injury" to their constitutional rights as secured by the Second Amendment. Plaintiffs have failed to articulate any concrete injury.

### 2. <u>Plaintiffs Still Have The Right to Possess and Use Firearms</u>.

O.C.G.A. §16-11-126 prohibits any person from carrying a weapon without a valid weapons permit issued pursuant to O.C.G.A. §16-11-129. Notwithstanding this prohibition, O.C.G.A. §16-11-137(b) prohibits a police officer from detaining any individual solely for the purpose of inquiring about a GWL. Thus, even if Plaintiffs are observed by a law enforcement officer carrying a firearm in public,

arrest or prosecution for merely possessing such firearm would be unlikely, unless such law enforcement officer has a reasonable and articulable suspicion to detain and investigate Plaintiffs for the violation of some other criminal statute. Further, in the unfortunate event that Plaintiffs were called upon to use a firearm in public in self-defense, or the defense of others, O.C.G.A. §16-11-138 would afford Plaintiffs an absolute defense to any prosecution for carrying and possessing such weapon without a GWL.

Because the risk of prosecution which may arise if Plaintiffs elect to carry a weapon without a valid GWL is unlikely, Plaintiffs cannot establish standing sufficient to allow them to proceed with their claims against Judge Wood.

3. **<u>Judge Wood Has Not Deprived Plaintiffs of a "Fundamental Right" To Keep And Bear Arms</u>**.

Arguably, the injury Plaintiffs' allege results from Judge Woods suspension of the issuance of GWLs is the denial of their "fundamental right" to keep and bear arms. Doc. 1, ¶17. Such injury, however, simply does not result from Judge Wood's actions.

O.C.G.A. §16-11-129 is a state permitting statute. It does not operate to grant to any applicant the "right to bear arms." That right is secured by the United States

Constitution. Instead, O.C.G.A. §16-11-129 merely authorizes permit-holders to carry a particular type of firearm (specifically, a loaded handgun) in certain locations in which such firearms are typically prohibited.

The United States Supreme Court has found a clear Second Amendment right to bear arms for purposes of self-defense, particularly in the home. District of Columbia v. Heller, 554 U.S. 570, 628, 630. The Heller Court, however, further held that Second Amendment rights are not unlimited and recognized a list of presumptively lawful regulatory measures. Id. at 626-627, 627 n. 26. Neither Heller nor any other decision of the United States Supreme Court has found a federal, constitutional right to bear arms in public.

O.C.G.A. §16-11-129 authorizes the issuance of a permit granting to qualified individuals the right to carry and possess loaded, operational handguns in public, a right **not** secured by the United States Constitution, or any other federal statute. Accordingly, a refusal to issue a GWL, or a decision by a probate judge to temporarily cease issuance of a GWL, does not operate to the deprive Plaintiffs of any constitutionally guaranteed right, including the right to bear arms.

As Judge Wood's decision to temporarily suspend processing and issuing of GWLs does not operate to deprive Plaintiffs of rights under the Second Amendment,

Plaintiffs cannot show such injury as is necessary to confer standing upon them to maintain this action against Judge Wood.

### C. <u>**PLAINTIFFS HAVE FAILED TO ALLEGE A DEPRIVATION OF A FEDERAL RIGHT**</u>.

"By the plain terms of § 1983, … two allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>see also, e.g.</u>, <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995) ("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.").

Plaintiff's claims against Judge Wood arise from Judge Wood's decision to suspend accepting applications for and issuing GWLs. Doc 1, ¶¶58, 61. Plaintiff has, however, failed to demonstrate a 'federal right' in the issuance of a GWL. While Plaintiff does, in fact, *assert* that the failure to accept applications or to issue GWLs "violate the rights of Plaintiff…guaranteed under the Second and Fourteenth Amendments to the United States Constitution" (see, Doc. 1, ¶58) such assertion is

devoid of any factual enhancement which would authorize relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement.").

State law rights are not enforceable under § 1983. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Voyticky v. Vill. of Timberlake, 412 F.3d 669, 678 (6th Cir. 2005) (intentional infliction of emotional distress does not itself give rise to § 1983 constitutional claim). Violations of state constitutional rights are not enforceable under § 1983. See, e.g., Armstrong v. Asselin, 734 F.3d 984, 989 (9th Cir. 2013); Radvansky v. City of Olmsted Falls, 395 F.3d 291, 314 (6th Cir. 2005) ("[A] claimed violation of a state constitutional right is not cognizable under § 1983."); Bookman v. Shubzda, 945 F. Supp. 999, 1009 (N.D. Tex. 1996). Instead, to state a cause of action under 42 U.S.C. §1983, a plaintiff must show that he has been deprived of rights, privileges or immunities secured by federal Constitution or laws. Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 105 (1989).

While Plaintiffs' right to bear arms is clearly a right secured by the Federal Constitution, Plaintiffs have made no showing, nor have they pled anything more than "legal conclusions without adequate factual support" that the temporary

suspension of the processing or issuance of GWLs operates to deprive the Plaintiffs of any federally protected right.

As noted above in Section II.B.3., O.C.G.A. §16-11-129 does not grant to any right secured by federal law. Instead, it merely authorizes permit-holders to carry loaded handguns in locations where such firearms are typically prohibited.

Further, as noted above, neither <u>Heller</u> nor any other decision of United States Supreme Court has found a Second Amendment right obtain a permit to carry loaded handguns in public.

Accordingly, a refusal to issue a GWL, or a decision by a probate judge to temporarily cease issuance of a GWL though perhaps a denial of right granted by state law, does not result in a deprivation of a federal right as necessary to support a claim under 42 U.S.C. §1983.

**D. ALL CLAIMS AGAINST JUDGE WOOD ARISING UNDER STATE LAW ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY.**

Eleventh Amendment immunity is a threshold issue that is "in the nature of a jurisdictional bar" to be decided early in the litigation. <u>Bouchard Transportation Co. v. Fla. Dept. of Environmental Protection</u>, 91 F. 3d 1445, 1448 (11th Cir. 1996).

Under the Eleventh Amendment to the United States Constitution, a state is immune from a suit for damages in federal court. Hans v. Louisiana, 134 U.S. 1, 14-17 (1890). The Eleventh Amendment Immunity further operates to bar suits seeking injunctive relief when injunctive relief is sought to correct "an error of law by state officers acting in their official capacities …where the relief effectively is against [the state]." Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445, 1448 (11th Cir. 1996)("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law").

**1. Judge Wood is a State Actor for purposes of issuing GWLs.**

While Judge Wood is a "County Officer" Ga. Const. Article IX, Sec. 1, Para. III), he is also entitled to assert Eleventh Amendment Immunity related to his particular function of issuing GWLs. In Manders v. Lee, 338 F. 3d 1304 (11th Cir. 2003), the 11th Circuit enumerated a test to determine whether an officer has acted as an arm of the state entitled to assert Eleventh Amendment Immunity. Under Manders, Courts are instructed to consider the following factors to determine whether an actor is an "arm of the state" in carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the State maintains over

the entity; (3) where the entity derives it funds; and (4) who is responsible for judgments against the entity. Id. at 1309. Applying this test to Judge Wood in the context of O.C.G.A. §16-11-129 reveals the following.

First, with respect to how the State defines the entity, in Georgia, the office of judge of the probate court is an elected constitutional office. Although a probate judge performs his duties mainly, although not always, within the geographical confines of a county, the essential governmental nature of his office is: (a) to continue to perform his historical common law duties; and (b) to perform specific statutory duties, directly assigned by the State, including the issuance of GWLs pursuant to O.C.G.A. §16-11-129. Like the Sheriff in Manders, a probate judge wears a "state hat" when he issues GWLs. See Manders, at 1319.

Second, the State has direct and substantial control over the probate judge with respect to issuance of GWLs.: Indeed, it is the State, and not the County in which the probate judge serves, that establishes the manner of selection of probate judges (O.C.G.A. §15-9-1), imposes mandatory training requirements for probate judges (O.C.G.A. §15-9-1.1), establishes eligibility for service as a probate judge (O.C.G.A. §15-9-2); provides for the manner of appointment, qualifications and training for associate probate judges (O.C.G.A. §15-9-2.1); imposes restrictions on

probate judges practicing law (O.C.G.A. §15-9-3); defines the jurisdiction, power and duties of probate judges (O.C.G.A. §§15-9-30 – 15-9-47); and imposes upon probate judges the duty to issue GWLs (O.C.G.A. §16-11-129). Importantly, a county has no authority, control over, or involvement in the probate judge's performance of his statutorily delegated duties (See Manders at 1322). This factor weighs heavily in favor of Judge Wood's entitled to Eleventh Immunity.

Third, probate courts are funded primarily by the County in which they exist, along with filing fees and surcharges. However, a County's financial control is attenuated because the State sets the probate judge's minimum salary (O.C.G.A. §15-9-63) and although a county sets the probate judge's budget, it cannot control how it is spent. See Chaffin v. Calhoun, 262 Fa. 202, 203-204 (1992). As in Manders, this state control is sufficient to tilt this factor in favor Eleventh Amendment Immunity. Id. at 1323.

Fourth, under Georgia law, a County would not pay a judgment against a probate judge. See Wayne County Bd. Of Comm'rs v. Warren, 236 Ga 150, 152 (1976) ("A county has no liability in connection with the violations of civil rights of any person by a county officer"). Likewise, the State is not liable for judgments rendered against a probate judge. Thus, the liability-for-adverse-judgment factor

does not defeat the probate judges Eleventh Amendment immunity entitlement. Manders, at 1327.

Because Plaintiffs' Complaint seeks damages and injunctive against Judge Wood, in his official capacity, such claims are barred as Judge Wood, as an arm of the State of Georgia, is immune from such actions by virtue of the Eleventh Amendment.

### E.    PLAINTIFFS' STATE LAW CLAIMS, IF ANY, ARE BARRED BY SOVEREIGN IMMUNITY

Under Georgia law, sovereign immunity is a threshold issue for the trial court's consideration, and a plaintiff bears the burden of establishing that a state agency's conduct is excepted from sovereign immunity. Sadler v. Dep't of Transp. of State, 311 Ga. App. 601, 603, (2011). The existence of sovereign immunity under Georgia law deprives this court of jurisdiction over the state law claims asserted against Judge Wood.

While Plaintiffs' complaint purports to assert federal claims arising under 42 U.S.C. §1983, it appears, based upon the prayer for relief set forth in paragraph 61 of their Complaint, that Plaintiffs are seeking a mandatory injunction, under Georgia law, to compel Judge Wood and Cherokee County to accept, and process,

applications for GWLs in accordance with the provisions of O.C.G.A. §16-11-129. To the extent such claim is a claim arising under the laws of the State of Georgia, it is barred by the doctrine of sovereign immunity.

The Georgia constitution provides that "sovereign immunity extends to the state and all of its departments and agencies," except to the extent the legislature enacts a specific waiver. Ga. Const. Art. I, § 2, ¶ IX(e). This sovereign immunity extends to counties (Gilbert v. Richardson, 264 Ga. 744 (1994)), and to public employees sued in their official capacities. Ga. Department of Natural Resources v. Center for a Sustainable Coast, Inc., 294 Ga. 593, 599, n.4 (2014) (citation and punctuation omitted). Importantly, this sovereign immunity has been expressly extended to probate judges as a bar to suit against a probate judge, in his official capacity, for allegedly failing to properly process applications for GWLs. GeorgiaCarry.Org, Inc. v. Bordeaux, 352 Ga. App. 399 (2019).

Further, sovereign immunity can only be waived by an Act of the General Assembly, which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. Art. I, § 2, ¶ IX(e); *accord* O.C.G.A. §36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). The Georgia Supreme Court has held that this sovereign immunity extends

to actions seeking injunctive relief and declaratory relief, even if the claims allege a violation of a constitutional right. Lathrop v. Deal, 301 Ga. 408, 425, (2017).

As Plaintiffs have alleged no act of the Georgia General Assembly that would operate as a waiver of sovereign immunity, to the extent Plaintiff seeks damages, injunctive relief, or declaratory relief against Judge Wood in his official capacity and arising under state law, such claims are barred by the doctrine of sovereign immunity.

### F. INJUNCTIVE RELIEF AGAINST JUDGE WOOD IS BARRED BECAUSE PLAINTIFFS HAVE AN AVAILABLE STATE REMEDY

Plaintiffs' Complaint seeks a preliminary and permanent injunction to prohibit Judge Wood from refusing to accept and process GWL applications and to issue licenses to qualified applicants, or, in the alternative, a preliminary and permanent injunction requiring Judge Wood to accept and process GWL applications and to issue licenses to qualified applicants. (Doc 1, ¶61).

To the extent Plaintiffs' Complaint asserts a procedural due process claim arising from Judge Wood's temporary suspension of the issuance of GWLs, such claim is barred as there exists an adequate state remedy to address the deprivation.

In McKinney v. Pate, 20 F. 3d 1550 (11th Cir. 1994) the 11th Circuit held that a procedural due process violation is not complete unless and until the State fails to provide due process. "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney, at 1557. The state law remedy of mandamus provides an aggrieved person with an adequate post-deprivation remedy sufficient to cure a procedural deprivation. See Cotton v. Jackson, 216 F. 3d 1328, 1333 (11th Cir 2000)("Because we believe that the writ of mandamus would be available under state law to Plaintiff, and because we believe that mandamus would be an adequate remedy to ensure that Plaintiff was not deprived of his due process rights… we conclude that Plaintiff has failed to show that inadequate state remedies were available to him to remedy any alleged procedural deprivations. Therefore, Plaintiff has failed to state a claim for a procedural due process violation….")

Notably, O.C.G.A. §16-11-129(j) provides, in part, that

[w]hen an applicant is otherwise denied a license, temporary renewal license, or renewal license and contends that he or she is qualified to be issued a license, temporary renewal license, or renewal license, the applicant may bring an action in mandamus or other legal proceeding in order to obtain such license.

This right to bring a mandamus petition provides to the Plaintiffs an adequate state post-deprivation remedy and, as such, Plaintiffs have failed to state a claim for a procedural due process violation. Accordingly, all claims asserted against Judge Wood alleging procedural due process violations must be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, Judge Wood's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) should be GRANTED and all claims against him DISMISSED.

Respectfully submitted, this 24th day of April, 2020.

**JARRARD & DAVIS, LLP**

/s/ *Patrick D. Jaugstetter*  .
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendant Keith Wood

222 Webb Street Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed BRIEF IN SUPPORT OF JUDGE KEITH WOOD'S MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record:

I further certify that the above and foregoing meets the requirements set forth in L.R. 5.1(C) and has been prepared using Times New Roman 14-point font.

This 24th day of April, 2020.

        **JARRARD & DAVIS, LLP**

        /s/ *Patrick D. Jaugstetter*
        ANGELA E. DAVIS
        Georgia Bar No. 240126
        adavis@jarrard-davis.com
        PATRICK D. JAUGSTETTER
        Georgia Bar No. 389680
        patrickj@jarrard-davis.com
        Attorneys for Defendant Keith Wood

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)