# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LISA WALTERS, et al., ) | |
|     Plaintiffs, ) | |
| vs. ) | |
| BRIAN KEMP, et al., ) | |
|     Defendants. ) | Case No. 1:20-CV-1624-SCJ |

## PLAINTIFFS' BRIEF ON FILING EXHIBITS

During the hearing on Plaintiffs' Motion for a Preliminary Injunction (the "Motion"), the Court invited the parties to brief the subject of Plaintiffs' filing of Exhibits for said hearing. Plaintiffs file this Brief pursuant to that invitation.

## **Background**

On April 21, 2020, the Court entered an Order [Doc. 15] setting the Motion for a hearing to be held Monday, April 27, 2020. On p. 2 of the Order, the Court said, "The Court also asks that the parties file any exhibits to the docket using CM/ECF's 'Notice' function ***before Monday's hearing.***" [Emphasis supplied]. Plaintiffs filed their exhibits [Docs. 30-1 through 30-16] on the evening of Sunday, April 26, 2020. Exhibit 7 [Doc. 30-7] was a declaration by one of Plaintiffs' counsels, John Monroe. When Plaintiffs moved their exhibits into evidence during the hearing, Defendants objected on two grounds: 1) they objected to the "lateness" of the filing, claiming they did not have time to examine them before the hearing;

2

and 2) they objected to Exhibit 7 on the grounds that Atty. Monroe was acting as a witness.

**<u>Argument</u>**

1. <u>The Exhibits Were Not Late</u>

The Court ordered exhibits be filed before the hearing, which was scheduled for 10:30 a.m. on April 27, 2020. Plaintiffs filed their exhibits before 10 p.m. on April 26, more than 12 hours ***before*** the hearing. Given that the Court's Order required that exhibits be filed ***before*** the hearing and that they were in fact filed ***before*** the hearing, Defendants are hard-pressed to complain about timeliness. Plaintiffs complied with the Court's Order. If Defendants were concerned that the Court's deadline was problematic for them, their remedy was to complain when the Court entered its Order, requesting that all exhibits be due and filed on or before a specific time. Indeed, because the unchallenged order applied to "the ***parties***," Defendants were afforded the same opportunity to file "any exhibits" at any time before the hearing. That they chose to submit all their exhibits on Friday, the 24th, along with their briefs, cannot somehow render the timing of Plaintiffs' exhibits untimely or unfair. Defendants should not now be heard to complain that Plaintiffs did exactly what the Court ordered, but that they may feel was not convenient for them.

Moreover, it should be noted that it was the lawyers in the Attorney General's office that first raised the objections. Most of these lawyers also represented Defendant Kemp in the case of *Carter v. Kemp,* 1:20-CV-1517-SCJ. The Plaintiffs in *Carter* filed identical copies of Plaintiffs' Exhibits 1-11 in the present case. Plaintiffs' Exhibits 13-16 were filed with the Complaint [Doc. 1]. That is, of the 16 exhibits, 15 of them had already been viewed by the same lawyers in the Attorney General's office two weeks ago (or more). It is disingenuous for them to complain that they need more time to respond to the exhibits because of how "late" the exhibits were filed.

2. There is No Rule Against Counsel Filing Declarations

Defendants next complain that Atty. Monroe made himself a "witness" in this case and Exhibit 7 should therefore not be admitted. Defendants do not cite any authority for this claim, because there is none. Counsel for Defendants County of Cherokee and Keith Wood concede that the exhibit is not objectionable because it is hearsay, as hearsay is admissible for preliminary injunctions. Instead, the only complaint is that the declarant is one of the Plaintiffs' attorneys. No rule prohibits such declarations. At the preliminary injunction stage, especially, non-contested facts are provable by less exacting standards than at trial.

The Georgia Rules of Professional Conduct address this issue. Rule 3.7(a) states, "A lawyer shall not act as advocate ***at trial*** in which the lawyer is likely to be

a *necessary* witness except where 1) the testimony relates to an *uncontested* issue….″ [emphasis supplied].  In the present case, the declaration was not used *at trial*, counsel was not a *necessary* witness (there being other people who could testify to the practices of the UPS Store in question), and none of the Defendants *contested* the contents of the declaration.

Finally, the purpose of the declaration was merely to show that alternatives to direct contact fingerprinting exist.  Defendant Wood failed to show why such alternatives could not be utilized as less restrictive means to achieve the stated goals as opposed to outright refusal to accept any license applications *at all.*  Plaintiffs suggest that there are alternatives, which is all they are required to do, and Defendants have failed to carry the ultimate burden of showing there are not.

## Conclusion

Defendants' resistance to the admission of these exhibits without any legitimate basis for objection suggests they simply wish to preclude this Court's consideration of material facts adverse to their position.  The Court's admission of Plaintiffs' Exhibits 1-16 was correct and the Court should not disturb its ruling made during the hearing.

/s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road

Dawsonville, GA  30534
678-362-7650
jrm@johnmonroelaw.com
State Bar No. 516193


      /s/ Raymond M. DiGuiseppe
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: 910-713-8804
Fax: 910-672-7705
law.rmd@gmail.com
Admitted *Pro Hac Vice*


      /s/ Adam Kraut
Adam Kraut, Esq.
Firearms Policy Coalition
Attorney for Plaintiffs
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342
akraut@fpclaw.org
Admitted *Pro Hac Vice*

Attorneys for Plaintiffs


## RULE 7.1 CERTIFICATE

    I certify that this brief was prepared with one of the font and point selections approved in Rule 5.1(B).

                                  /s/ John R. Monroe
                              John R. Monroe