# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01624-SCJ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE; and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**CHEROKEE COUNTY, GEORGIA'S AND JUDGE KEITH WOOD'S JOINT BRIEF IN OPPOSITION TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR IN THE ALTERNATIVE, ISSUANCE OF A PRELIMINARY INJUNCTION**

Come now, CHEROKEE COUNTY, GEORGIA, and JUDGE KEITH WOOD and, file this, their Joint Objection to Plaintiffs' Notice of Evidence and show the Court as follows.

## I. STATEMENT OF FACTS

On April 21, 2020 this Court entered its Order (Doc. No.15) setting Plaintiffs' Motion for Temporary Restraining Order or Preliminary Injunction (Doc. No. 2) (the "Application") for hearing on Monday, April 27, 2020. The Order required the Defendants to file their response briefs no later than Friday, April 24, 2020 at 3:00 pm and asked that the parties "file any exhibits to the docket…before Monday's hearing." (Doc No. 15, p.2).

Cherokee County and Judge Wood complied with the terms of the Order by filing their Joint Response to Plaintiff's Application (Doc. No. 28) together with all Exhibits relied upon in support thereof (Doc. 28.1 – 28.8) prior to 3:00 p.m. on April 24, 2020.[1]

**Plaintiffs' Notice of Filing**

---

[1] Governor Kemp and Commissioner Vowell likewise complied by filing their response briefs (Doc. No. 26) and accompanying evidence (Doc. No. 26.1) prior to 3:00 p.m. Friday, April 24, 2020

At approximately 9:49 pm, on Sunday, April 26, 2020, **a mere twelve and one-half (12½) hours prior to the hearing** on their Application, Plaintiffs filed their Notice of Filing Plaintiffs' Exhibit (Doc. No. 30) ( the "Notice") which was accompanied with sixteen (16) different evidentiary items upon which Plaintiffs rely for the issuance of a preliminary injunction against the County and Judge Wood.

**John Monroe's Declaration**

Included within the evidentiary items was the Declaration of John Monroe (Doc. No. 30-7) ("Monroe Declaration"). In the Monroe Declaration, Plaintiffs' Counsel stated that on **April 15, 2020**, nearly two weeks prior to the date he filed his Declaration, he randomly selected a UPS store in Atlanta which serves as a Georgia Applicant Processing Service ("GAPS") fingerprint capture location which is authorized by the Georgia Bureau of Investigation (the "GBI") to capture and process fingerprints for purposes of Georgia weapons carry license ("GWLs). According to Mr. Monroe, "the store" told him that it was collecting fingerprints and doing so on a "touchless" basis. (Monroe Declaration, Doc. No. 30-7, ¶7).

At the evidentiary hearing before this Court on April 27, 2020, Plaintiffs relied on the assertions in the Monroe Declaration to support their proposition that less restrictive were available to Judge Wood which would permit hms to continue

processing GWL applications – in fact, this was the only evidence presented to the Court that there were means, less restrictive than a temporary suspension, available to Judge Wood to address his public health concerns and continue to accept and process GWL's.

## II. ARGUMENT AND CITATION TO AUTHORITY

For the reasons set forth below, the County and Judge Wood object to the introduction of the evidence submitted by Plaintiff in its Notice (Doc. No. 30), especially the Monroe Declaration (Doc. No. 30-7)

### a. Notice of Filing – Insufficient Notice

Plaintiffs filed their Complaint (Doc. No. 1) and Application (Doc. No. 2) on April 16, 2020. Plaintiffs' Application was accompanied by Declarations of Brandon Combs (Doc. No. 2-2), George Mocsary (Doc. No. 2-3), Alan Gottlieb (Doc. No. 2-4), Lisa Walters (Doc. No. 2-5), and Mark Walters (Doc. No. 2-6). None of the other declarations or exhibits filed with the Notice, including the Monroe Declaration, were filed with the Application or Complaint.

In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction. Fed.R.Civ.P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse

party."); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 434 n. 7, (1974). While Rule 65 does not define "notice," and the sufficiency of notice "is a matter left within the discretion of the trial court," United States v. Alabama, 791 F.2d at 1458, the Supreme Court has stated that the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." Granny Goose, 415 U.S. at 434 n. 7, (internal citations omitted); *see also* McDonald's Corp., 147 F.3d at 1311. Furthermore, "[a]lthough the timing requirements are applied flexibly in practice, the underlying principle of giving the party opposing the application notice and an adequate opportunity to respond is carefully honored by the courts." 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2949 at 215.

Plaintiff's eleventh-hour filing of its Notice of Evidence deprived Cherokee County and Judge Wood an adequate opportunity respond. In Marshall v. Durbin Farms, Inc. v. Nat'l Farmers Org., Inc., 446 F. 2d. 353 (5th Cir. 1971), the court found that service of notice of a preliminary injunction hearing five days prior to the hearing was insufficient where the underlying complaint and nine attached affidavits, and plaintiffs provided defendants with only forty-seven of the sixty-eight additional affidavits presented at the hearing. The court stated that defendants must

have "fair notice and an effective opportunity to controvert the facts adduced in support of plaintiffs' motion." Id. at 356.

While, admittedly, the volume of last-minute evidence submitted by Plaintiffs in their Notice was not of the same volume as in Marshall, the general principle remains the same: Plaintiffs eleventh-hour filing of its Notice, especially the Monroe Declaration placed the County and Judge Wood in an "impossible position" Id. at 356-357 as it deprived the County and Judge Wood with a reasonable opportunity to investigate the allegations and procure affidavits or otherwise arrange for the presentation of evidence to rebut the factual assertions set forth in the Notice. See, Marshall at 356-357. In short, the 12 ½ nighttime hours between the disclosure of Plaintiffs' evidence and the hearing provided insufficient time to read the pertinent documents and locate witnesses or obtain affidavits rebutting the same. See, Four Season Hotels and Resorts, B.V. v. Consorcia Barr, S.A., 329 F.3d 1205, 1212 (11th Cir. 2003) ("*The **two day notice** period provided insufficient time to read the pertinent documents, obtain and consult with counsel, and locate witnesses or obtain affidavits supporting Appellants' position*")(emphasis added).

### b. The Monroe Declaration – Insufficient Notice

Nowhere is the prejudice caused by Plaintiffs' eleventh-hour filing of its Notice more evident than in the consideration of the Monroe Declaration. In it, Mr. Monroe avers that, on **April 15, 2020**, prior to filing Plaintiffs' Complaint, he randomly selected a UPS store appearing on the GAPS website and contacted them to determine if they were collecting fingerprints for background checks. Thus, this information (which was vital to Plaintiffs' argument that Judge Wood's decision to temporarily suspend acceptance of GWLs was not the least restrictive means available and that Judge Wood could have merely adjusted his manner of operations to continue collecting fingerprints same) was available to Plaintiffs before they filed their Complaint and Application on April 16, 2020, and it was available to Plaintiffs at 3:00 pm, when all of the Defendants disclosed the evidence they intended to present at the hearing on the Application. Yet, Plaintiffs, without explanation, elected to withhold that evidence until 9:49 pm on Sunday prior to a 10:30 am Monday hearing.

There can be no explanation for this delay in disclosure of evidence except to deprive the Cherokee County and Judge Wood with the opportunity to investigate and rebut the same. Had Cherokee County and Judge Wood had the opportunity to investigate the claims in the Monroe Declaration prior to the hearing, then the Court

7

would have learned that there exists a GAPS fingerprint collection location in Cherokee County. That location, however, is not collecting fingerprints due to the COVID-19 crisis and will not likely resume collecting same for at least several weeks. (See, Declaration of Judge Keith Wood attached hereto as Exhibit "1").

Plaintiffs cannot claim the evidence contained in the Monroe Declaration was discovered late (the information was discovered on nearly two weeks prior to the hearing), nor can Plaintiffs claim that they had difficulty in obtaining signatures on a declaration or affidavit (Mr. Monroe is Plaintiffs' counsel and could have executed and served the his Declaration at his leisure). The only reasonable explanation for the delay in disclosing the evidence is to ensure that Cherokee County and Judge Wood had insufficient time to read the Declaration and to locate witnesses or obtain affidavits rebutting the same. (See, Four Season Hotels and Resorts, B.V, 329 F.3d at 1212. This court should not reward Plaintiffs for ambushing Cherokee County and Judge Wood in this manner.

   c. **The Monroe Declaration – Hearsay**

At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, …." Levi Strauss. & Co. v. Sunrise International Trading, Inc., 51 F.3d

982, 985 *(11th Cir,. 1995). However, a preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four prerequisites." McDonald's Corp. v. Robertson, 147 F3d. 1301, 1306 (11th Cir. 1998).

In this case, the **only** evidence relied upon by Plaintiffs' to challenge the reasonableness of Judge Woods' decision to temporarily suspend the issuance of GWLs is the Monroe Declaration. The Monroe Declaration contains nothing but hearsay: "The store told me that it was [collecting fingerprints], and it was doing so on a touchless basis…." (Monroe Declaration, Doc. 30-7, ¶7). These unsworn statements from an anonymous employee should not be relied upon to satisfy the Plaintiffs' burden to "clearly establish" his "burden of persuasion" as to the four requisites of an application for preliminary injunctive (See, Horton v. City of Augustine, 272 F. 3d 1318, 1326(11th Cir. 2001).

### d. Monroe Declaration – Attorney as Witness

The Georgia Rules of Professional Conduct provide (and the ABA's Model Rules employ an identical) Rule 3.7, which provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary **witness** except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

Mr. Monroe should choose: he is either an advocate for his client or a fact witness. He cannot be both. Because Mr. Monroe has continued in his capacity as counsel for Plaintiffs – his testimony as contained in the Monroe Declaration, for whatever it is worth, should be excluded.

### III. CONCLUSION

For the foregoing reasons, Cherokee County and Judge Wood object to the admissibility of the evidence contained in Plaintiffs' Notice (Doc. No. 30) in support of its Application.

Respectfully submitted, this 28th day of April, 2020.

           **JARRARD & DAVIS, LLP**

           /s/ *Patrick D. Jaugstetter*  .
           ANGELA E. DAVIS
           Georgia Bar No. 240126

adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendants Cherokee County
and Judge Keith Wood


222 Webb Street Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed CHEROKEE COUNTY, GEORGIA'S AND JUDGE KEITH WOOD'S JOINT BRIEF IN OPPOSITION TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR IN THE ALTERNATIVE, ISSUANCE OF A PRELIMINARY INJUNCTION with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record:

I further certify that the above and foregoing meets the requirements set forth in L.R. 5.1(C) and has been prepared using Times New Roman 14-point font.

This 28th day of April, 2020.

**JARRARD & DAVIS, LLP**

/s/ *Patrick D. Jaugstetter*
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendant Cherokee County/Keith Wood

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)