IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 1:20-cv-1624-SCJ |
| | ) | |
| BRIAN KEMP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION FOR TRO

COME NOW the State Defendants and file this supplemental authority in opposition to Plaintiffs' Motion for a TRO. Earlier this week Defendants communicated to the Court that they did not intend to file any additional briefs in this matter. However, today the Eleventh Circuit issued an opinion that addresses several of the standing prongs at issue in this case. *Jacobson v. Florida Secretary of State*, No. 19-14552 (11th Cir. April 29, 2020). Defendants provide this additional brief only to address this supplemental authority.

*Jacobson* supports Defendants' position that Plaintiffs lack standing in several respects. First, it reaffirmed that "when plaintiffs seek prospective relief to prevent future injuries, they must prove that their threatened injuries are 'certainly

impending.'" *Jacobson*, No. 19-14552, slip op. at 11 (11th Cir. April 29, 2020) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). For organizational Plaintiffs pursuing an associational standing theory, Plaintiffs must show that at least one of its members was injured. *Id.* at 19. For organizational Plaintiffs pursuing a diversion of resources theory, Plaintiffs must identify specific programs where resources were diverted. *Id*. at 21-22. Finally, *Jacobson* reaffirms that "[t]o satisfy the causation requirement of standing, a plaintiff's injury must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party.'" *Id*. at 24 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Relying on *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019) (*en banc*), the *Jacobson* Court held that a state official's general supervisory responsibility for the administration of various statutes was insufficient to meet the causation prong of the standing requirement. *Id*. at 25-26. As in *Jacobson,* here, "[b]ecause the [Defendants] didn't do (or fail to do) anything that contributed to [Plaintiffs'] harm," Plaintiffs "cannot meet Article III's traceability requirement." *Id.* at 25 (quoting *Lewis*, 944 F.3d at 1301).

    Respectfully submitted this 29th day of April, 2020.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BETH BURTON<br>Deputy Attorney General | 027500 |

2

|  |  |
|---|---|
| ANDREW A. PINSON<br>Solicitor General | 584719 |
| */s/ Tina M. Piper*<br>TINA M. PIPER<br>Sr. Assistant Attorney General | 142469 |
| */s/ Cristina M. Correia*<br>CRISTINA M. CORREIA<br>Sr. Assistant Attorney General | 188620 |
| */s/ Meghan R. Davidson*<br>MEGHAN R. DAVIDSON<br>Assistant Attorney General | 445566 |

40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Direct line: (404) 657-3983
Fax: (404) 463-8864
Email: tpiper@law.ga.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Response to Plaintiffs' Motion for Preliminary Injunction were prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## **CERTIFICATE OF SERVICE**

I hereby certify that this filing conforms to the requirements of L.R. 5.1(C). This filing is written in 14 point New Times Roman font.

I hereby certify that on this day, I electronically filed STATE DEFENDANTS' SUPPLEMENTAL AUTHORITY with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the attorneys of record.

This 29th day of April, 2020.

/s/ Cristina M. Correia
CRISTINA C. CORREIA
Senior Assistant Attorney General