IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 1:20-cv-1624-SCJ |
| | ) | |
| BRIAN KEMP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS KEMP AND VOWELL'S RESPONSE TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

COME NOW Defendants, Governor Kemp and Colonel Vowell, and oppose

Plaintiffs' Motion for injunction pending appeal.

Federal Rule Civil Procedure 62(d) governs injunctions pending appeal. The

standard for an injunction pending appeal is essentially the same as that for a

preliminary injunction. The movant must show:

> (1) a substantial likelihood that they will prevail on the merits of the
> appeal; (2) a substantial risk of irreparable injury to the [movants]
> unless the injunction is granted; (3) no substantial harm to other
> interested persons; and (4) no harm to the public interest.

*Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (*en banc*).[1]  "The first two factors are the 'most critical.'"  *Ga. Muslim Voter Project v. Kemp*, 918 F.3d 1262, 1267 (11th Cir. 2019) (J. Jill Pryor, concurring) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  Plaintiffs' motion fails to address, much less satisfy, this burden.

### I.    Plaintiffs Are Not Likely to Prevail on the Merits of Their Appeal.

This Court denied Plaintiffs' motion for a preliminary injunction in part because, as to Governor Kemp and Colonel Vowell, Plaintiffs lack standing. Order, Doc. 41 at 15.  Plaintiffs have offered no additional evidence, argument, or citation of law to support their motion for injunction pending appeal.  Instead, Plaintiffs merely direct this Court and Defendants generally to "their previous motions, briefs, supporting documents and arguments in this case." Doc. 43.  As this Court has already held, Plaintiffs' alleged injury, the probate judge's temporary suspension of the processing of Georgia weapons licenses during a judicial state of emergency, is not traceable to the State Defendants.  Order, Doc. 41 at 13-15.  To carry their burden of establishing standing, Plaintiffs had to show that their injury is "fairly traceable" to the challenged conduct.  *Clapper v. Amnesty*

---

[1] While an appellate court considers an injunction pending appeal pursuant to F.R.A.P. Rule 8(a), the standard is the same in the district court under Fed.R.Civ.P. Rule 62(d).  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (comparing standard under F.R.A.P. Rule 8(a) and former Fed.R.Civ.P. Rule 62(c)).

*Int'l USA*, 568 U.S. 398, 416 (2013).  Having failed to establish standing, Plaintiffs cannot prevail on the merits of their claims.[2]

Additionally, Plaintiffs cannot prevail because they have not suffered an injury in fact.  Plaintiffs have described their injury as the potential for future arrest and prosecution.  Doc. 2-1 at 3, 5, 23; Doc. 2-5 ¶ 22.  As Defendants have previously argued, that asserted injury is speculative due to the statutory framework that both prohibits law enforcement from detaining an individual solely for the purpose of establishing whether that individual has a permit, and the absolute bar from prosecution for "[d]efense of self or others."  O.C.G.A. § 16-11-138; *see* Doc. 26 at 12.  Defendants are not arguing that the statute will not be enforced, but rather that by its terms, enforcement makes Plaintiffs' fear of arrest and prosecution speculative.  Under these circumstances, a generalized fear that Plaintiff will be prosecuted for carrying a gun without a license is not sufficiently concrete to confer standing.  *Clapper*, 568 U.S. at 410 (rejecting "reasonable likelihood" of injury as sufficient to meet the injury in fact standard).

Plaintiffs are also unlikely to prevail on the merits of their appeal because, as to Governor Kemp and Colonel Vowell, their claims are barred by the Eleventh Amendment.  *See* Doc. 26 at 40-42.  Finally, Plaintiffs are unlikely to prevail on

_____

[2] Nor have the organizational Plaintiffs established standing through a diversion of resources theory.  Order, Doc. 41 at 18-19; *see also* Doc. 26 at 17-21.  Plaintiffs have not provided any additional evidence in support of standing with this motion.

the merits of their claims because they have not demonstrated a violation of their constitutional rights.  *See* Doc. 26 at 25-35.

## II.     Plaintiffs Are Not Likely to Suffer Irreparable Injury.

Plaintiffs' motion does not address how they will suffer irreparable injury absent an injunction pending appeal.  Any "asserted irreparable injury must be neither remote nor speculative, but actual and imminent."  *Ga. Muslim Voter Project*, 918 F.3d at 1267 (J. Jill Pryor, concurring) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*)).  Even where there is a violation of a constitutional right, and none has been shown here, irreparable injury cannot be presumed.  *Siegel*, 234 F.3d at 1176.  Because Plaintiffs have failed to carry their burden of showing a "real and immediate" threat of substantial irreparable harm, their motion should be denied.  *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

## II.     An Injunction Would Cause Harm to Defendants and Would be Adverse to the Public Interest.

Plaintiffs' motion does not address whether an injunction would cause harm or whether it would be adverse to the public interest.  As this Court held on the motion for preliminary injunction, both the "state and county have a considerable public health interest in curtailing normal activities to stop the exponential spread of a deadly virus."  Order, Doc. 41 at 36.  Additionally, any injunction against enforcement of the statute would harm law enforcement's ability to charge persons

with a violation as a lesser included offense where appropriate. *See* Doc. 26-1 ¶¶ 13-16. For these reasons, the third and fourth factors weigh against granting Plaintiffs' motion.

## CONCLUSION

For the reasons stated in this Court's Order denying Plaintiffs' motion for a preliminary injunction, together with the reasons stated above, Defendants pray that Plaintiffs' motion for injunction pending appeal be denied.

Respectfully submitted this 7th day of May, 2020.

CHRISTOPHER M. CARR      112505
Attorney General

ANDREW A. PINSON      584719
Solicitor General

BETH BURTON      027500
Deputy Attorney General

*/s/ Tina M. Piper*
TINA M. PIPER      142469
Sr. Assistant Attorney General

*/s/ Cristina M. Correia*
CRISTINA M. CORREIA      188620
Sr. Assistant Attorney General

*/s/ Meghan R. Davidson*
MEGHAN R. DAVIDSON      445566
Assistant Attorney General

DREW F. WALDBESER
Assistant Solicitor General

40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Direct line: (404) 657-3983
Fax: (404) 463-8864
Email: tpiper@law.ga.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the forgoing Defendant's Response to Plaintiffs' Motion for Injunction Pending Appeal was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed **RESPONSE IN OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the attorneys of record.

This 7th day of May, 2020.

/s/Cristina M. Correia
CRISTINA M. CORREIA
Sr. Asst. Atty General