# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01624-SCJ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE; and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

COME NOW, CHEROKEE COUNTY, GEORGIA and JUDGE KEITH WOOD (collectively the "County Defendants") and file this, their Brief in Opposition to Plaintiffs' Motion for Injunction Pending Appeal, respectfully showing as follows:

Plaintiffs, dissatisfied with the Court's denial of their Application for Preliminary Injunction, and without citing to any new facts or authority, ask this Court to grant the very relief this Court properly denied in its May 5th Order denying Plaintiffs' Application for Preliminary Injunction. This relief, like Plaintiffs' initial Application for Preliminary Injunction, should be denied.

Although Plaintiffs do not cite to Rule 62(c) of the Federal Rules of Civil Procedure, it is this Rule that serves as the procedural vehicle for considering Plaitniffs' request for an injunction pending appeal. In relevant part, Rule 62(c) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). Such an injunction pending an appeal is an "extraordinary remedy." Touchston v. McDermott, 234 F.3d 1130, 1132 (11th Cir.2000) (emphasis added), "for which the moving party bears a 'heavy burden.' " Gay Lesbian Bisexual Alliance v. <u>Sessions</u>, 917 F. Supp. 1558, 1561 (M.D. Ala.1996) (citation omitted)(emphasis added). Plaintiffs have offered no evidence or argument, other than the very evidence and argument rejected by the Court in its May 5th Order, in an effort to satisfy its "heavy burden".

For the Court to grant the extraordinary remedy of an injunction pending appeal, the Plaintiffs' must show: (1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the intervenors unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. <u>Touchston v. McDermott</u>, 234 F.3d 1130, 1132 (11th Cir. 2000). Failure to show any of the four factors is fatal ….." <u>Am. Civil Liberties Union of F/a., Inc. v. Miami–Dade County Sch. Bd.</u>, 557 F.3d 1177, 1198 (11th Cir. 2009).

As noted in the Court's May 5th Order, and as demonstrated in the County Defendants' Joint Response in Opposition to the Plaintiffs' Application for Preliminary Injunction, in the County Defendants' Post-Hearing Brief in Opposition to Plaintiffs' Application for Preliminary Injunction, and in each of the County Defendants' Motions to Dismiss and accompanying Briefs, Plaintiffs have failed to establish any of the factors required for issuance of a preliminary injunction; further, Plaintiffs have failed to offer any new evidence or citations to authority to support their renewed request for such relief.

Plaintiffs' did not file a motion asking the Court to reconsider the May 5th Order, and the County Defendants urge this Court not to do so under the guise of a Rule 62(c) injunction compelling Judge Wood to issue Georgia Weapons Licenses

while Plaintiffs' appeal is pending.  (See, Thomas v. City of Jacksonville, 3:13-CV-776-J-39PDB, 2016 WL 9185279, at *2 (M.D. Fla. Oct. 13, 2016), aff'd sub nom. Thomas v. The City of Jacksonville, 673 Fed. Appx. 900 (11th Cir. 2016)).

Further, pending before this Court are Motions to Dismiss filed on behalf of both Cherokee County and Judge Keith Wood.  As demonstrated in these Motions and in supporting Briefs, Plaintiff is not entitled to any relief against either of the County Defendants.  The County Defendants respectfully remind the Court of these pending Motions and request that the Court consider these Motions on an expedited basis such that the County Defendants are not required to incur further costs and expenses in the defense of Plaintiffs' meritless claims against them.[1]  Plaintiffs have offered no evidence or argument why, given the dispositive motions now pending before this Court, an injunction pending appeal is appropriate.

Because Plaintiffs have failed to satisfy the requirements of F.R.C.P. 62(c) for the issuance of an injunction pending an appeal, and for all of the other reasons set forth in Court's May 5th Order, and as demonstrated in the County Defendants' Joint

---

[1] *See, e.g*., State of Alabama v. U.S. Envtl. Prot. Agency, 871 F.2d 1548, 1554 (11th Cir. 1989) (holding that the district court retained jurisdiction to proceed with merits of the case, despite the interlocutory appeal of a preliminary injunction); Hamer v. Campbell, 358 F.2d 215, 223 (5th Cir. 1966) (appeal from a preliminary injunction order "should not ordinarily delay the final trial of the case on its merits")

4

Response in Opposition to the Plaintiffs' Application for Preliminary Injunction, in the County Defendants' Post-Hearing Brief in Opposition to Plaintiffs' Application for Preliminary Injunction, and in each of the County Defendants' Motions to Dismiss and supporting Briefs, Plaintiffs pray that the Court DENY Plaintiffs Motion for an Injunction Pending Appeal.

Respectfully submitted, this 7th day of May, 2020.

**JARRARD & DAVIS, LLP**

/s/ *Patrick D. Jaugstetter*          .
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendants Cherokee County
and Judge Keith Wood


222 Webb Street Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record:

I further certify that the above and foregoing meets the requirements set forth in L.R. 5.1(C) and has been prepared using Times New Roman 14-point font.

This 7th[th] day of May, 2020.

                                          **JARRARD & DAVIS, LLP**

| | |
|---|---|
| 222 Webb Street | */s/ Patrick D. Jaugstetter* |
| Cumming, Georgia  30040 | ANGELA E. DAVIS |
| (678) 455-7150 (telephone) | Georgia Bar No. 240126 |
| (678) 455-7149 (facsimile) | PATRICK D. JAUGSTETTER |
| adavis@jarrard-davis.com | Georgia Bar No. 389680 |
| patrickj@jarrard-davis.com | |
| | Attorneys for Defendant Cherokee County/Keith Wood |