IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01624-SCJ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE; and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO RESPOND TO <u>MOTIONS TO DISMISS</u>

COME NOW, CHEROKEE COUNTY, GEORGIA and JUDGE KEITH WOOD (collectively the "County Defendants") and file this, their Objection to to Plaintiffs' Motion for Additional Time to Respond to Motions to Dismiss, respectfully showing as follows:

1

Plaintiffs have asked this Court to grant Plaintiffs additional time to respond to the County Defendants' Motions to Dismiss. The only basis for such request is Plaintiffs' desire to focus its resources on pursuing its appeal from this Court's denial of Plaintiffs' Application for Preliminary Injunction.[1] For the reasons below, the County Defendants oppose Plaintiffs' request for an extension of time to response to the County Defendants' dispositive motions.

On April 16, 2020, Plaintiffs filed the Complaint and Application for Preliminary Injunction. Both the Complaint and the Application seek relief against Cherokee County and Judge Wood to which Plaintiff is simply not entitled and for which this Court lacks jurisdiction. In response, and in an effort to avoid unnecessary litigation, on April 24, 2020 the County Defendants filed their Motions to Dismiss and accompanying Briefs in support. The Motions to Dismiss assert that the claims against these County Defendant are barred for one or more of the following reasons (all as set forth more fully in the County Defendants Motions to Dismiss and Briefs in Support thereof):

---

[1] Plaintiffs' Counsel emailed the undersigned on April 6, 2020 at 8:58 am requesting a 30-day extension in the time to respond to the Motions to Dismiss. Before the undersigned was able to consider and reply to the request, Plaintiffs filed their Notice of Appeal and Motion for Injunction Pending Appeal. This Court then ordered that any objections to Plaintiffs' Motion be filed prior to 10:00 am today. Since then, the County Defendants' time and attention has been focused on reviewing and responding to the Plaintiffs' Motion for Injunction Pending Appeal.

- Lack of Jurisdiction

- Lack of a Case or Controversy

- Lack of Standing

- Sovereign Immunity; and

- 11th Amendment Immunity

Each of these issues raises fundamental questions about this Court's jurisdiction to hear the claims raised in Plaintiffs' Complaint.

The 11th Circuit is *very* clear that jurisdiction must be addressed as soon as possible whenever it is questionable. See, Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also, Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) ("Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Quoting Dillard v. Baldwin Cnty Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000)); Bouchard Transp. Co. v. Florida Dep't of Envtl. Prot., 91 F.3d 1445, 1449 (11th Cir. 1996) (holding

that the district court abused its discretion by failing to rule on an issue of Eleventh Amendment Immunity and ordering the parties to participate in mediation, as "[t]he fact that Eleventh Amendment immunity, like qualified immunity, is a right to be free from the burdens of litigation also suggests that it should be decided at an early stage."); Beach TV Cable Co., Inc. v. Comcast of Florida/Georgia, LLC, 808 F.3d 1284, 1288 (11th Cir. 2015) ("We have long recognized that in the federal tandem, jurisdiction takes precedence over the merits. Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication." Quoting Belleri v. United States, 712 F.3d 543, 547 (11th Cir. 2013)).

The County Defendants have properly raised these jurisdictional issues at the appropriate time - **before** consideration of the merits of Plaintiff's claims - there is no argument which would justify further delay in the decision on such dispositive motions in order to aid the Plaintiffs in "concentrating their resources" on the appeal of a preliminary matter. Since the Plaintiffs filed their Complaint, the County Defendants have been obligated to file no fewer than five (5) substantive briefs in an extraordinarily compressed time-span. The County Defendants went to great effort to raise the threshold issues of jurisdiction prior to any proceedings on the merits of Plaintiffs' claims – in order to permit the Court an opportunity to consider

and rule upon them. Plaintiff's continued efforts to avoid scrutiny of these fundamental, threshold issues, and Plaintiffs' flippant, dismissive attitude towards their importance, should not be countenanced by this Court.

For these reasons, the County Defendants object to Plaintiffs' request for an extension of time to respond to their Motions to Dismiss. The County Defendants further pray that this Court consider and rule on these dispositive motions in order to avoid further preliminary inquiries into the merits of Plaintiffs' claims while fundamental, jurisdictional questions remain unresolved.

Respectfully submitted, this 7th day of May, 2020.

**JARRARD & DAVIS, LLP**

/s/ *Patrick D. Jaugstetter*
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendants Cherokee County
and Judge Keith Wood

222 Webb Street Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO RESPOND TO MOTIONS TO DISMISS with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record:

I further certify that the above and foregoing meets the requirements set forth in L.R. 5.1(C) and has been prepared using Times New Roman 14-point font.

This 7th[th] day of May, 2020.

                                          **JARRARD & DAVIS, LLP**

| | |
|---|---|
| 222 Webb Street | */s/ Patrick D. Jaugstetter* |
| Cumming, Georgia 30040 | ANGELA E. DAVIS |
| (678) 455-7150 (telephone) | Georgia Bar No. 240126 |
| (678) 455-7149 (facsimile) | PATRICK D. JAUGSTETTER |
| adavis@jarrard-davis.com | Georgia Bar No. 389680 |
| patrickj@jarrard-davis.com | |
| | Attorneys for Defendant Cherokee County/Keith Wood |