# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LISA WALTERS, SECOND AMENDMENT FOUNDATION, and FIREARMS POLICY COALITION, INC.,<br><br>**Plaintiffs,**<br><br>v.<br><br>BRIAN KEMP,<br>in his official capacity as Governor of The State of Georgia,<br>GARY VOWELL,<br>in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol,<br>CHEROKEE COUNTY, GEORGIA, and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County,<br><br>**Defendants.** | CIVIL ACTION FILE<br><br>No. 1:20-CV-1624-SCJ |

## **ORDER**

This matter appears before the Court on Plaintiffs' Motion for Injunction Pending Appeal (Doc. No. [43]).

Federal Rule of Civil Procedure 62(c) provides that "the court in its discretion may . . . grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c). For a court to "grant the extraordinary remedy of an injunction pending appeal," the petitioners must show: (1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. Touchston v. McDermott, 234 F.3d 1130, 1132 (11th Cir. 2000). "[T]he movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when the balance of the equities (identified in factors 2, 3, and 4) weighs heavily in favor of granting the stay." Curves, LLC v. Spalding Cty., Ga., No. 3:07-CV-10-JTC, 2007 WL 9706133, at *1 (N.D. Ga. July 17, 2007) (quoting Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Thus, the factors used to analyze the propriety of ordering an injunction pending appeal are the same ones this Court applied in assessing Plaintiffs' Motion for Preliminary Injunction. See Doc. No. [41], pp. 21–39; Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (listing

preliminary injunction factors). Plaintiffs have not made additional arguments or presented new evidence in support of their Motion for Injunction Pending Appeal. <u>See</u> Doc. No. [43]. Therefore, Plaintiffs' current Motion is **DENIED** for the same reasons its Motion for Preliminary Injunction was denied, as outlined in the Court's Order at Doc. No. [41].

**IT IS SO ORDERED** this  7th  day of May, 2020.

    s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**