**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01624-SCJ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE; and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**CHEROKEE COUNTY'S AND JUDGE KEITH WOOD'S
BRIEF IN SUPPORT OF THEIR
<u>SECOND MOTION TO DISMISS</u>**

COME NOW, Cherokee County, Georgia (hereinafter "Cherokee County")

and Judge Keith Wood (hereinafter "Judge Wood") and, file this their Brief in

Support of their Second Motion to Dismiss respectfully showing as follows:

1

## I.   INTRODUCTION

In response to the COVID-19 public health crisis, Judge Wood temporarily suspended the acceptance and processing of applications for Georgia weapons carry licenses ("GWLs") issued pursuant to O.C.G.A. §16-11-126.  On April 16, 2020, Plaintiffs filed a Complaint against Brian J. Kemp, in his official capacity as Governor of the State of Georgia, Gary Vowell, in his official capacity as Commissioner of Public Safety and Colonel of the Georgia State Patrol, Cherokee County, Georgia, and Judge Keith Wood, in his official capacity as judge of the Probate Court of Cherokee County.

Plaintiffs' Complaint alleged that Judge Wood's suspension of the acceptance and processing of GWLs violated Plaintiffs' rights as guaranteed under the Second and Fourteenth Amendments to the Constitution of the United States of America. As against Judge Wood and Cherokee County, Plaintiffs sought temporary and permanent injunctive relief requiring Judge Wood and Cherokee County to resume acceptance and processing of GWLs, a declaration that the temporary suspension of the acceptance and processing of GWLs violated Plaintiffs' Second Amendment rights, nominal damages and attorneys' fees.

Plaintiffs' Complaint was accompanied by a Motion For Temporary Restraining Order, and/or In the Alternative, Issuance of a Preliminary Injunction

(the "Motion"). Following a hearing, this Court entered an Order denying the Motion.  Plaintiffs immediately appealed to the Eleventh Circuit Court of Appeals.

On May 14, 2020, and in response to a revision in the Declaration of Judicial Emergency as entered by the Chief Justice of the Georgia Supreme Court, Judge Wood resumed acceptance and processing of GWLs (see, Declaration of Judge Keith Wood attached herewith as Exhibit A), thus rendering Plaintiffs' appeal of the Order, and Plaintiffs' entire case against Judge Wood and Cherokee County, moot.

Judge Wood and Cherokee County respectfully move that this Court dismiss the case in its entirety against Cherokee County and Judge Wood.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiffs' Complaint is Moot

Judge Wood's decision to resume issuance of GWLs renders this case moot. There is no longer a case or controversy because Judge Wood's resumption of the issuance of GWLs give the Plaintiffs all they seek.

No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation, embedded in Article III, "of federal-court jurisdiction to actual cases or controversies." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976)). That is, federal courts may exercise their authority "only in the last resort,

and as a necessity in the determination of real, earnest and vital controversy" between parties. Chi. & Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 345 (1892); *see also* Allen v. Wright, 468 U.S. 737, 752 (1984). "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006).

A core Article III principle is the concept of mootness. "Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (per curiam) (internal quotation marks omitted). Therefore, if an event transpires while an appeal is pending that deprives the parties of "a personal stake in the outcome of the lawsuit," the case becomes moot and must be dismissed. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990) (internal quotation marks omitted). For a court to proceed under such circumstances to decide the case on the merits would be to issue an "advisory opinion[] on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam). And "[h]owever convenient" or tempting that might be, the Court lacks the power to declare "principles or rules of law which cannot affect the result" of the lawsuit before it. United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920).

Moreover, an "actual controversy must be extant **at all stages of review**, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)) (emphasis added).  The Supreme Court has routinely cautioned that a case becomes moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, (1992) (quoting Mills v. Green, 159 U.S. 651, 653, (1895)). Thus, even a once-justiciable case becomes moot and must be dismissed "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, (1969). *See also*, Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia, 868 F.3d 1248, 1255 (11th Cir. 2017).

As a result of Judge Wood's resumption of the acceptance and processing of applications for GWLs, there no longer exists a justiciable case between the parties, accordingly, and because the parties lack a legal cognizable interest in the outcome of the Complaint, Plaintiffs' Complaint should be dismissed.

## B. Plaintiffs' claim for nominal damages is likewise rendered moot and must be dismissed.

Plaintiffs' Complaint include a claim for nominal damages against Cherokee County and Judge Wood.  As demonstrated below, Cherokee County and Judge

Wood show that such lone remaining claim for nominal damages is insufficient to save this otherwise moot constitutional challenge.

Because the availability of a practical remedy is a prerequisite of Article III jurisdiction, courts in the Eleventh. Circuit typically conclude that the prayer for nominal damages will not sustain a case that is otherwise rendered moot. Accordingly, in a case, such as the case pending before this Court, involving a constitutional challenge to governmental action that is otherwise moot, a prayer for nominal damages will not save the case from dismissal. *See*, Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia, 868 F.3d 1248, 1256–57 (11th Cir. 2017).

### C. Judge Wood's voluntary cessation of the challenged action does not save Plaintiffs' complaint from dismissal for mootness.

When a government's laws or policies have been challenged, the Supreme Court has held almost uniformly that a voluntary cessation of the challenged behavior moots the suit.   Troiano v. Supervisor of Elections, 382 F.3d 1276, 1285 (11th Cir. 2004). The Court has rejected an assertion of mootness in this kind of challenge **only** when there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated. Id. at 1283–84 (emphasis in original) (citations to multiple Supreme Court cases omitted).

The key inquiry in this mootness analysis therefore is whether the evidence leads to a reasonable expectation that Judge Wood will reverse course and enact a subsequent suspension of the acceptance of applications for GWLs.  *See,* Coral Springs, 371 F.3d at 1331 ("Whether the repeal of a law will lead to a finding that the challenge to the law is moot depends most significantly on whether the court is sufficiently convinced that the repealed law will not be brought back." (emphasis added)).; See also, Flanigan's Enterprises, Inc., 868 F.3d at 1256–57.

Because there is no evidence, and no risk, that Judge Wood will reimpose the suspension of acceptance and processing of GWLs, his voluntary cessation of the challenged action does not serve to save Plaintiffs' Complaint from dismissal.

### III.   CONCLUSION

For the foregoing reasons, and because Plaintiffs' claims have been rendered moot by Judge Wood's resumption of the acceptance and issuance of GWLs, Cherokee County's and Judge Wood's Second Motion to Dismiss should be granted.

 Respectfully submitted, this 14th day of May, 2020.


**JARRARD & DAVIS, LLP**


/s/ *Patrick D. Jaugstetter*
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com

7

PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendants Cherokee County
And Keith Wood

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically filed CHEROKEE COUNTY'S AND JUDGE KEITH WOOD'S BRIEF IN SUPPORT OF THEIR SECOND MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record.

I further certify that the above and foregoing meets the requirements set forth in L.R. 5.1(C) and has been prepared using Times New Roman 14-point font.

This 14th day of May, 2020.

**JARRARD & DAVIS, LLP**

/s/ *Patrick D. Jaugstetter*
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Attorneys for Defendants Cherokee County
And Keith Wood

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)