## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LISA WALTERS, an individual; ) <br> SECOND AMENDMENT ) <br> FOUNDATION; and ) <br> FIREARMS POLICY COALITION, ) <br> INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRIAN KEMP, in his official capacity ) <br> as the Governor of Georgia; GARY ) <br> VOWELL, in his official capacity as ) <br> Commissioner of the Department of ) <br> Public Safety and Colonel of the Georgia ) <br> State Patrol; THE COUNTY OF ) <br> CHEROKEE; and KEITH WOOD, in his ) <br> official capacity as Judge of the Probate ) <br> Court of Cherokee County, ) <br> ) <br> Defendants. ) | Case No. 1:20-cv-01624-SCJ |

## DECLARATION OF JUDGE KEITH WOOD

COMES NOW, Judge Keith Wood, and in accordance with 28 U.S.C. § 1746, declares under penalty of perjury, as follows:

1. My name is Keith Wood. I am over twenty-one (21) years of age. I am currently suffering from no legal, mental, or emotional disability that would prevent me from giving testimony. I make this declaration pursuant to 28 U.S.C. § 1746, having personal knowledge of the facts stated herein.

2. I currently serve as Judge of the Probate Court of Cherokee County and am named, in my official capacity, as a Defendant in the above-captioned action.

3. As of 8:30 am today, Thursday, May 14, 2020, I resumed acceptance of new and renewal Georgia Weapons Licenses (GWLs) and recommenced accepting and processing applications for new and renewal GWLs in the office of the Probate Judge of Cherokee County, Georgia.

4. I announced my intention to resume issuing new and renewal GWLs on the Cherokee County Probate court website on or about May 6, 2020, (https://www.cherokeega.com/Probate-Court/Apply-for-a-Weapons-Carry-License/). A true and correct copy of the announcement currently appearing on the Court's website is attached hereto as Exhibit 1.

5. Applications for new and renewal GWLs are currently accepted by appointment, every ten (10) minutes from 8:30 a.m. until 4:20 p.m. Monday through Friday.

6. Applicants appearing at the Probate Court to submit applications for new and renewal GWLs are required to remain outside of the Probate Court office until their appointed time, maintain six-foot physical distancing from other individuals and staff to the greatest extent possible, and are asked to wear masks covering their nose and mouth at all times consistent with the application process.

7. My staff processing applications for new and renewal GWLs will wear appropriate personal protective equipment, including facial masks, and will be required to clean and sanitize all equipment used in the application process between applicants.

8. Alterations have also been made to the GWL processing station in the office, including the installation of glass partitions, to reduce contact between applicants and staff.

9. This decision was made based upon the May 11, 2020 Order of Chief Justice Harold Melton extending the State of Judicial Emergency until June 12, 2020, (the "Extended JEO") (a true and correct of the Extended JEO as it appears on the website of the Georgia Supreme Court (https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf) is attached hereto as Exhibit 2) which is less restrictive than the Chief Justice's March 13, 2020 Declaration of State of Judicial Emergency (the "Original JEO") (a true and correct of the Original JEO as appears on the website of the Georgia Supreme Court. (https://www.gasupreme.us/wp-content/uploads/2020/04/CJ_Melton_Extension_Order_signed_entered.pdf)

10. I have no intention of reinstating the temporary suspension of acceptance or processing of GWLs or otherwise ceasing the acceptance and processing thereof.

11. I am aware that this Declaration may be used in the above captioned matter support of Suggestions of Mootness and/or Motions to Dismiss the Plaintiffs' claims and for other purposes authorized by law.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of May, 2020.

Sworn to and subscribed before me

_____
Judge Keith Wood

May 13, 2020
Karen R. Aaron

[Notary Seal: KAREN R. AARON, NOTARY PUBLIC, CHEROKEE COUNTY, GEORGIA, EXPIRES 02/04/2023]

EXHIBIT 1



Home       I Need To...       Departments       Tax Payers

Court System       Contact Us       



News and Announcements



### Keith Wood

*Probate Judge*

(678) 493-6160

Back to Probate Court

Forms and Documents

Contact Department

Send Us An Email

   

# Apply for a Weapons Carry License

Beginning May 14, 2020, Applications for Weapons Carry Licenses will be processed by appointment only. Applications must be completed for both New and Renewal applicants. Please arrive on time with your completed application, required documents, and payment (cash or card only)

## Download WCL Application

# Schedule WCL Appointment here

Please see our Weapons Carry License FAQ before applying.

WARNING: There are websites out there, including https://www.concealedcarryservices.org/georgia/index.php, which may lead someone to thinking they are applying for a Weapons Carry License renewal, but they are not. This is not a website associated with this Court and any money you give them will NOT assist you in any way with getting your renewal in Cherokee County Probate Court.

WHERE METRO MEETS THE MOUNTAINS

Cherokee County, Georgia "Where Metro Meets the Mountains" | © Cherokee County Board of Commissioners

County Email | Privacy Statement | Terms and Conditions | ADA Compliance | Human Trafficking Notice



Select Language ▼






# SUPREME COURT OF GEORGIA

FILED
Administrative Minutes
May 11, 2020
Thérèse S. Barnes,
Clerk/Court Executive
SUPREME COURT OF GEORGIA

## SECOND ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. Due to the continuing statewide emergency, on April 6, 2020, the Order was extended until May 13, 2020. While the work of the courts in Georgia has gone forward on essential and critical matters, and most courts have continued some non-essential court operations, in particular by using technology to conduct proceedings remotely, most court facilities are not prepared to comply with social distancing and other public health requirements to safeguard the health of litigants, lawyers, judges, court personnel, and the public during extensive in-court proceedings or proceedings involving a large number of people. After consulting with the Judicial Council of Georgia and other judicial partners, and recognizing that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, it is hereby determined that the statewide judicial emergency Order should be extended, with some clarifications and modifications as well as directions regarding efforts to resume court operations in a manner that protects public health.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Wednesday, May 13, 2020, at 11:59 p.m., is further extended until Friday, June 12, 2020, at 11:59 p.m. All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended, with the following clarifications, modifications, and directions. Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

1. <u>Guidance on Application of the Order</u>

Included in the Appendix to this Order are several guidance documents that clarify the application of the Order in particular contexts: tolling of filing deadlines; tolling of statutes of limitations; deadlines and time limits defined by reference to terms of court; and the continued authority of grand juries impaneled prior to the issuance of the Order. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. It should be noted, however, that as discussed in Section 6 below, judges are being granted authority on a case-specific basis to reimpose certain deadlines that would otherwise be tolled by the Order or establish new deadlines or schedules.

2. <u>Prohibition on Jury Trial Proceedings and Most Grand Jury Proceedings</u>

Current public health guidance recommends social distancing and other measures that make it impracticable for courts to protect the health of the large groups of people who are normally assembled for jury proceedings, including jury selection. Accordingly, until further order, all courts are prohibited from summoning new trial jurors and grand jurors and from conducting criminal or civil jury trials.

Grand juries that are already impaneled or are recalled from a previous term of court may meet to attend to time-sensitive essential matters, but these grand juries should not be assembled except when necessary and only under circumstances in which social distancing and other public health guidance can be followed.

As discussed below, efforts are being pursued to allow the safe resumption of jury trials. The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed. Information about this issue will be provided to trial court clerks and court administrators.

3. <u>Proceedings Conducted Remotely Using Technology</u>

All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a preferred alternative to in-person proceedings, both to ensure that essential court functions are continued and to conduct non-essential proceedings to limit the backlog of such matters when the judicial emergency is terminated. Courts should understand and utilize the authority provided by the emergency amendments made to court rules on videoconferences and teleconferences.

Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, including civil non-jury trials and other non-jury adjudicative proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia constitutions or applicable statutes or court rules.

In civil, criminal, and juvenile proceedings, parties may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements. Courts must ensure the public's right of access to judicial proceedings and, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and open courtrooms.

4. <u>In-Court Proceedings; Development of Guidelines</u>

Except for jury and grand jury proceedings as discussed in Section 2 above, courts have discretion to conduct essential and non-essential in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia constitutions and applicable statutes and court rules, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and open courtrooms.

Before conducting extensive in-person proceedings, particularly in non-essential matters, each court should develop written guidelines as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public. Guidelines should specify who should be admitted to the courthouse and courtroom and how public health guidance will be followed regarding such matters as health screening of court personnel and visitors, social distancing (including by capping the occupancy of courthouses, interior areas, and courtrooms based on their size), availability and use of personal protective equipment (PPE) by court personnel and visitors, and sanitization practices. Guidelines should provide for accommodations for high-risk individuals. Courts should consider the use of staggered, smaller proceedings to conduct proceedings involving many cases or participants, such as calendar calls and arraignments. Guidelines should be prominently posted at courthouse entrances and on court and government websites to provide advance notice to litigants, lawyers, and the public.

Support for the development of guidelines will be provided by the Judicial COVID-19 Task Force discussed in Section 7 below, as well as by the councils for each class of court. Courts of different classes that share courthouse facilities or operate in the same county should seek to coordinate their guidelines.

5. <u>Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies</u>

Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. However, no court may disregard the restrictions imposed by the Order as extended and modified.

6.   Discretion of Judges to Reimpose Deadlines in Specific Cases

After the date of this order, and with the exception of deadlines regarding jury trials and grand juries, judges are granted the following authority to reimpose deadlines set by statutes, rules, regulations, and court orders that have been suspended, tolled, or extended by the Order Declaring Statewide Judicial Emergency as extended and modified and to establish new deadlines and schedules. In pending or newly filed cases, a judge may reimpose or establish such deadlines on a case-by-case basis after considering the particular circumstances of the case, including any public health concerns and known individual health, economic, and other concerns regarding the litigants, lawyers, witnesses, and other persons who may be involved in the case. The judge must enter a written order in the record for the case identifying the deadlines that are being reimposed or established. Standing orders applicable to multiple cases and orders simply reimposing previous scheduling orders are not permitted. The judge should allow any party or other participant in a case to seek reconsideration of such an order for good cause shown.

Judges should in particular consider reimposing deadlines that do not require any or only insignificant in-person contact, such as deadlines for filing and responding to pleadings, motions, and briefs, written discovery in civil cases, scheduling of depositions that may be taken remotely or require few participants, and scheduling of hearings requiring only legal argument or few participants.

7.   Judicial COVID-19 Task Force; Comments Solicited

A Judicial COVID-19 Task Force is hereby established to assist courts in conducting remote proceedings and in restoring more in-court proceedings, in particular jury trials and grand jury proceedings. The Task Force will include judges from the various classes of court and will obtain input from key stakeholders including the State Bar of Georgia, prosecutors and public defenders, civil plaintiff and defense attorneys, court clerks, sheriffs, and the public.

To assist in evaluating the effects of the Order Declaring Statewide Judicial Emergency as extended and modified, comments are

solicited from judges, lawyers, and the general public. Comments should be delivered in Word or PDF format by email to JCTFcomments@gasupreme.us.

8. Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

9. Notice Provisions

Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts are strongly encouraged to make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the Administrative Office of the Courts will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness/.

Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall

constitute sufficient notice of the issuance of this order to the affected parties, counsel for the affected parties, and the public.

IT IS SO ORDERED this 11th day of May, 2020.

_____
Chief Justice Harold D. Melton
Supreme Court of Georgia

Appendix

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_[signature]_, Clerk



SUPREME COURT OF GEORGIA

FILED
Administrative Minutes
MAR 14 2020
Thérèse S. Barnes,
Clerk/Court Executive
SUPREME COURT OF GEORGIA

March 14, 2020
**(Amended)**

# ORDER DECLARING STATEWIDE JUDICIAL EMERGENCY

WHEREAS, the Governor has determined that a Public Health State of Emergency exists in the State of Georgia due to the spread of the Coronavirus/COVID-19, and whereas that state of emergency constitutes a "judicial emergency" pursuant to OCGA § 38-3-60 et seq., see OCGA § 38-3-60 (2).

Now therefore, pursuant to OCGA § 38-3-61, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, DOES HEREBY ORDER AND DECLARE a Statewide Judicial Emergency in the State of Georgia. The nature of this emergency is the continued transmission of Coronavirus/COVID-19 throughout the State and the potential infection of those who work in or are required to appear in our courts.

Thus, in order to protect the health, safety, and liberty of all citizens in this State, the undersigned hereby declares a Statewide Judicial Emergency affecting all courts and clerk's offices in the State as it relates to all judicial proceedings.

To the extent feasible, courts should remain open to address essential functions, and in particular courts should give priority to matters necessary to protect health, safety, and liberty of individuals. Essential functions are subject to interpretation; however, some matters that fall into the essential function category are: (1) where an immediate liberty or safety concern is present requiring the attention of the court as soon as the court is available; (2) criminal court search warrants, arrest warrants, initial appearances, and bond reviews; (3) domestic abuse temporary protective orders and restraining orders; (4) juvenile court delinquency detention hearings and emergency removal matters; and (5) mental health commitment hearings.

In addition, trials in any criminal case for which a jury has been empaneled and the trial has commenced as of the date of this order shall continue to conclusion, unless good cause exists to suspend the trial or declare a mistrial. The decision whether to suspend a criminal trial or declare a mistrial rests with the judge presiding over the case.

To the extent court proceedings are held, they should be done in a manner to limit the risk of exposure, such as by videoconferencing, where possible.

Pursuant to OCGA § 38-3-62, during the period of this Order, the undersigned hereby suspends, tolls, extends, and otherwise grants relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any: (1) statute of limitation; (2) time within which to issue a warrant; (3) time within which to try a case for which a demand for speedy trial has been filed; (4) time within which to hold a commitment hearing; (5) deadline or other schedule regarding the detention of a juvenile; (6) time within which to return a bill of indictment or an accusation or to bring a matter before a grand jury; (7) time within which to file a writ of habeas corpus; (8) time within which discovery or any aspect thereof is to be completed; (9) time within which to serve a party; (10) time within which to appeal or to seek the right to appeal any order, ruling, or other determination; and (11) such other legal proceedings as determined to be necessary by the authorized judicial official.

**This Statewide Judicial Emergency shall terminate on April 13, 2020, at 11:59 p.m., unless otherwise extended.**

Should the state of emergency extend beyond the period indicated above or should the nature of the emergency otherwise require modification, a determination of available alternative remedies for the conduct of court business will be made as necessary, and a corresponding order will be entered and distributed in accordance with Georgia law.

IT IS FURTHER ORDERED, pursuant to OCGA § 38-3-63, that notice and service of a copy of this Order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Georgia Court of Appeals, such service to be accomplished through means to assure expeditious receipt, which include electronic means; and

IT IS FURTHER ORDERED that notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this Order to the affected parties, counsel for the affected parties, and the public.

IT IS SO ORDERED this 14th day of March, 2020.

Chief Justice Harold D. Melton
Supreme Court of Georgia

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council

Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*[signature]*, Clerk