IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA WALTERS, an individual; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01624-SCJ |
| BRIAN KEMP, in his official capacity as the Governor of Georgia; GARY VOWELL, in his official capacity as Commissioner of the Department of Public Safety and Colonel of the Georgia State Patrol; THE COUNTY OF CHEROKEE; and KEITH WOOD, in his official capacity as Judge of the Probate Court of Cherokee County, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JUDGE KEITH WOOD'S MOTION FOR RULE 11 SANCTIONS

COMES NOW, Defendant KEITH WOOD (hereinafter "Judge Wood"), by and through his undersigned counsel, and files this, his Motion for Rule 11 Sanctions, and hereby moves for sanctions against Plaintiffs and their attorneys pursuant to Fed.R.Civ.P. 11. In support thereof, Judge Wood shows as follows.

1

# I. STATEMENT OF FACTS

On April 16, 2020, Plaintiffs filed their Complaint against the County and other Defendants, including Keith Wood, Judge of the Probate Court of Cherokee County, alleging, among other claims, that Judge Wood's failure to accept, process and approve applications for Georgia Weapons Licenses ("GWLs") during the pending COVID-19 health crises violates Plaintiffs' rights under the Second Amendment to the United States Constitution..

As against Judge Wood, Plaintiffs Complaint seeks the following remedies: (i) a declaration that "Cherokee County's Order" and "related enforcement policies, practices and customs" violate Plaintiff's Second and Fourteenth Amendment rights to keep and bear arms, including the right to keep and bear "loaded, operable, handguns, on their person…." (Doc. 1, ¶58); (ii) injunctive relief prohibiting Judge Wood from refusing to accept and process GWL applications and to issue GWLs to qualified persons (or, alternatively, injunctive relief requiring Judge Wood to accept and process GWL applications and to issue GWLs to qualified persons) (Doc. 1, ¶61); (iii) an award of "nominal damages" (Doc. 1, ¶62); and (iv) attorney fees.

Contemporaneously with the Complaint, Plaintiffs filed a Motion for Preliminary Injunction seeking an order prohibiting Judge Wood from refusing to accept and process GWL applications and to issue GWLs to qualified persons (or,

alternatively, injunctive relief requiring Judge Wood to accept and process GWL applications and to issue GWLs to qualified persons) (Doc. 1, ¶61).

In response, Judge Wood filed his Motion to Dismiss asserting among other defenses, that an award of damages against him arising from his duties under O.C.G.A. 16-11-129 is barred by Eleventh Amendment Immunity.

On May 5, 2020, and following a hearing, the court denied Plaintiffs' Motion for Preliminary Hearing. Thereafter, on May 6, 2020, Plaintiffs filed a Notice of Appeal of the Court's May 5 Order, along with a Motion for Injunction Pending Appeal. Then, on May 7, 2020, Plaintiffs filed a Motion for Extension of Time to Respond to Judge Wood's Motion to Dismiss citing as a basis therefore, Plaintiffs' desire to focus its time and attention on their pending appeal of this Court's denial of their Motion for Preliminary Injunction, thus avoiding their obligation to address the fundamental flaws in their claims against Judge Wood.

Further, on or about May 7, 2020, the undersigned advised Plaintiff's Counsel of Judge Wood's intent to resume accepting and processing applications for GWLs commencing on May 14, 2020. ON May 14, 2020, Judge Wood did, in fact, resume accepting and processing GWL's, thus rendering Plaintiffs' appeal, and their claims for permanent injunctive relief moot.

To date, Plaintiffs have failed and refused to dismiss the claims against Judge Wood.

## II. ARGUMENT & CITATION OF AUTHORITY

Rule 11 authorizes this Court to sanction a party, and its attorneys, for presenting or pursuing any pleading or claim that is frivolous, lacks evidentiary support, or is presented for any improper purpose. See, Fed. R. Civ. P. Rule 11(b).

Rule 11 sanctions are designed to discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses. Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc). (internal quotation marks and citation omitted). Rule 11 "sanctions may be imposed for the purpose of deterrence, compensation and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

In the Eleventh Circuit, Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996), see also, Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001).

Here, and for the reasons set forth in Judge Wood's Motion to Dismiss and Brief in Support thereof (Doc. No. 27), Cherokee County's and Judge Wood's Joint Brief in Opposition to Plaintiffs' Application for Preliminary Injunction (Doc. No. 28), and Cherokee County's and Judge Wood's Joint Post-Hearing Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. No. 37) (all of which are incorporated herein by this reference) Judge Wood is entitled to an award of sanctions as authorized under Rule 11.

### a. Plaintiffs' Continued Claim For Prospective Declaratory and Injunctive Relief Against Judge Wood Is Frivolous.

Plaintiffs' claims against Judge Wood seeking injunctive relief has no reasonable factual basis as they have been rendered moot. On May 14, 2020, Judge Wood resumed accepting and processing GWLs, thus rendering Plaintiffs claims for prospective declaratory and injunctive relief moot.

No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation" embedded in Article III "of federal-court jurisdiction to actual cases or controversies". Raines v. Byrd, 521 U.S. 811, 818. A core Article III requirement is the concept of mootness. "Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. United States v. Juvenile Male, 564 U.S. 932, 936 (2011).

Therefore, if an event transpires while a case is pending that deprives the parties of "a personal stake in the outcome of the lawsuit," the case becomes moot and must be dismissed. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 47-78 (internal quotation marks omitted ).

The Eleventh Circuit has consistently applied these basic principles in finding cases moot as a result of intervening events. See, Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia, 868 F.3d 1248 (11th Cir. 2017)(City's repeal of allegedly unconstitutional legislation rendered plaintiff's suit for declaratory and injunctive relief moot); National Advertising Co., v. City of Miami, 402 F.3d 1329 (11th Cir. 2005)(City's ordinance changes rendered billboard company's suit challenge to sign ordinance moot); Coral Springs Street systems, Inc. v. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004) ("Mootness can occur due to a change in circumstances, or, as here, a change in the law.).

Judge Wood's resumption of the acceptance and processing of GWLs, like the repeal of an allegedly unconstitutional ordinance, renders Plaintiffs' claims for declaratory and injunctive relief moot. There is neither a reasonable factual basis nor a legal theory that has a reasonable chance of success supporting Plaintiffs' continued pursuit of such relief.

Accordingly, Plaintiffs are subject to sanctions under Rule 11 for their continued pursuit of their claims for declaratory and injunctive relief.

### b. Claims Against Judge Wood For Nominal Damages Are Moot

Plaintiffs Complaint seeks an award of nominal damages from Judge Wood. Such claim has been rendered moot and should be dismissed as a result of Judge Wood's resumption of the acceptance and processing of applications for GWLs.

In Flanigan's Enterprises, Inc. of Georgia, v. City of Sandy Springs, 868 F3d 1248 (2017 11th Cir.), the Eleventh Circuit held that a city's repeal of an allegedly unconstitutional ordinance rendered a plaintiff's claim for declaratory and injunctive relief moot. In addition to seeking declaratory and injunctive relief, the plaintiffs in Flanigan's Enterprises sought an award of nominal damages. After finding that the claims for declaratory and injunctive relief were moot, the Court then considered whether repeal of the ordinance likewise rendered moot Plaintiffs claim for such nominal damages. Id. at 1263 ("Having determined that the claims for declaratory and injunctive relief are moot, we must decide whether a prayer for nominal damages—Appellants' lone remaining claim —is sufficient to save this otherwise moot constitutional challenge."). In answering this question, the Court held that a prayer for nominal damages alone was insufficient to defeat a claim for mootness and serve as a basis for jurisdiction in the federal courts. Id. at 1270 ("a parties'

right to a single dollar in nominal damages is not the type of 'practical effect' that should, standing alone, support Article III jurisdiction. If a mere prayer for nominal damages could save an otherwise moot case, the jurisdiction of the court could be manipulated, the mootness doctrine could be circumvented, and federal courts would be required to decide cases that could have no practical effect on the legal rights or obligations of the parties.)

Similarly to the City in <u>Flanigan's Enterprises</u>, Judge Wood as ceased the allegedly unconstitutional conduct (to wit: the temporary suspension of the acceptance and processing of GWLs). His decision to resume acceptance and processing of GWLs has rendered Plaintiffs' claims for declaratory and injunctive relief moot and has deprived this Court of Article III jurisdiction. Additionally, and as in <u>Flanigan's Enterprises</u>, the Plaintiffs' claim for nominal damages is insufficient to defeat Judge Wood's mootness claim and it too should be dismissed as moot. In short, there is no legal or factual basis which supports the Plaintiffs' continued pursuit of their claim for nominal damages.

### III. <u>CONCLUSION</u>

As demonstrated above, Plaintiffs' continued claims for declaratory and injunctive relief and Plaintiffs' claims for damages against Judge Wood are barred, as a matter of law, and there exists no legal theory that has a reasonable chance of

supporting such claims. "[Plaintiff's] insistence on maintaining a legal stance untenable with our law demonstrates either an ignorance of our law, and thus inadequate research, or some intent to mislead the trial court as to the present state of this Circuit's precedent, and thus bad faith...". DeSisto College, Inc. v. Line, 888 F.2d 755, 766 (11th Cir. 1989)

For the foregoing reasons, Judge Wood requests that this Court: (1) grant this Motion for Sanctions under Rule 11, (2) order Plaintiffs and their counsel to pay Judge Wood's attorney's fees incurred in preparing this motion and in otherwise defending against claims asserted against him by Plaintiffs; and (3) grant such additional sanctions and relief as the Court deems appropriate to deter further conduct.

Judge Wood has served this Motion on the Plaintiffs in accordance with Fed.R.Civ.P. 5 no less than twenty-one (21) days prior to filing the same with the Court.

Respectfully submitted, this \_\_\_ day of_____, 2020.

**JARRARD & DAVIS, LLP**

/s/ *Patrick D. Jaugstetter*      .
ANGELA E. DAVIS
Georgia Bar No. 240126
adavis@jarrard-davis.com
PATRICK D. JAUGSTETTER

                        Georgia Bar No. 389680
                        patrickj@jarrard-davis.com
                        Attorneys for Defendant Keith Wood

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)